150 So.2d 277 (1963)
Al WINNEMORE, a/k/a Albert E. Winnemore, Appellant,
v.
STATE of Florida, Appellee.
No. 3188.
District Court of Appeal of Florida. Second District.
January 23, 1963.
Rehearing Denied March 5, 1963.
*278 Robert F. Clark, of Chesley v. Morton & Associates, Fort Lauderdale, for appellant.
Richard W. Ervin, Atty. Gen., Tallahassee, and David U. Tumin, Asst. Atty. Gen., Miami, for appellee.
McCORD, Associate Judge.
The appellant, Al Winnemore, defendant below, was convicted of grand larceny. His motion for new trial was denied and he was sentenced to a term of two years in the state prison. He appeals from the judgment of conviction below.
From the evidence the following salient facts are apparent:
In September 1959, appellant entered into a construction contract with one William T. Brown whereby he was to build additions on Brown's house for a total price of $5100. Payments were to be made to appellant on the contract price as the work progressed with a final payment of $600 being due at completion. Appellant, at the outset, gave Brown his $2000 check to hold as a performance bond to be returned upon completion of all work and delivery of release of construction lien.
During construction, appellant purchased on credit materials for the job from Causeway Lumber Company (hereinafter referred to as Causeway), making payments thereon from time to time. Upon completion of the contract work, appellant gave Brown a release of lien of Causeway signed by himself and an affidavit stating as follows:
"I, A. Winnemore, being first duly sworn on oath, depose and say that the persons, firms, and corporation who have executed the above release are all the persons, firms, and corporations who have furnished or are under contract to furnish, services, labor or materials in the construction or repair of the premises described in the above release of liens. This affidavit is made with full knowledge of the statutes of the State of Florida and the penalties provided therein."
Brown then paid appellant the final $600 on the contract. The $2000 check of appellant which he held as bond was not returned. Apparently, neither of them thought of it at the time of final payment and it has not been paid.
Subsequently, Causeway filed a claim of lien against the Brown property for an $1167.17 payment due for labor and materials. Brown then contacted appellant and was assured by him that he would pay the account shortly. Appellant thereafter made a $300 cash payment to Causeway, leaving a $867.17 balance on the claim. Further talks transpired between appellant and Brown and, appellant being unable to produce sufficient money to pay the balance due to Causeway, Brown arranged to borrow $2400 on a second mortgage to pay the account and for other purposes. Defendant agreed to make the monthly payments on the second mortgage until he had reimbursed the amount Brown had paid Causeway. The loan was closed and the Causeway account was paid. Appellant thereafter made only four payments of $51 each. Brown continued with several payments but was unemployed and defaulted and, ultimately, turned the house over to the mortgagee bank. Later, appellant was informed against for grand larceny and brought to trial.
Following the jury verdict of guilty, appellant moved for a verdict of acquittal, notwithstanding the verdict, on the ground that "the information and evidence failed to support the verdict." The motion was denied and appellant was sentenced as aforesaid. Subsequently, appellant moved the court to set aside the judgment and sentence and to grant a new trial, which motion was denied.
*279 The contention of appellant's brief and the assignments of error argued therein are that he was denied due process through harmful errors occurring at the trial and that the evidence was legally insufficient to support the verdict. He contends that the prosecutor, in his opening statement to the jury, introduced highly inflammatory and prejudicial matter res inter alios acta; that it was error for the court not to declare a mistrial at the time or to instruct the jury to disregard such remarks. The questioned remarks of the prosecutor are the following:
"The state will then show through competent evidence that one of the organizations which signed off this release of lien, actually did not sign that release of lien, and that representation of that release of lien, that all of them were paid, was not the case. That a claim of lien filed against Mr. Brown as owner of this house for the amount in excess of one thousand dollars, which Mr. Winnemore had certified it had been paid.
"The state will go on to show how this money, after already having been paid with Mr. Winnemore to pay off these liens which he had not done, that Mr. Brown had to pay off these liens again, or the liens that he thought had been paid, we will show you through a course of tragedy that has come around with Mr. and Mrs. William Brown, in which Mr. Winnemore made the addition and showed them this release of lein, which was subsequently taken from them. They lost their home because of the actions of Mr. Al Winnemore. I thank you."
Following these remarks, counsel for appellant, without making any objection or requesting any instruction, immediately proceeded with his opening statement to the jury, and the record does not show that he subsequently requested an instruction as to such statement. Having not objected or requested instruction, appellant cannot now be heard to complain of the statement. See Sims v. State, 59 Fla. 38, 52 So. 198; Morris v. State, 100 Fla. 850, 130 So. 582; Thalheim v. State, 38 Fla. 169, 20 So. 938.
Appellant also contends that the trial court erred in not granting his motion for directed verdict made at the close of the state's case and again at the close of all evidence, and that it further erred in not granting his motions for judgment non obstante veredicto or new trial. Basically, appellant argued that this entire transaction was a civil matter between him and Brown; that there was no felonious intent on his part; that the evidence is legally insufficient to support the verdict; and that he was prejudiced by errors occurring during the trial.
The presence or lack of felonious intent was a jury question which was determined adversely to appellant's contentions by the jury's verdict. Appellant testified that he gave Brown the release of lien and affidavit but that he explained to him at the time that the account of Causeway had not been paid. Brown's testimony, on the other hand, is to the effect that appellant made no such representation; that he asked for the release of lien before giving appellant the $600. It was the jury's province to judge the credibility of the witnesses and to decide between their contradictory statements which of them they believed. Obviously, they chose to believe Brown and we are not authorized to disturb their finding. Section 811.021, Florida Statutes, F.S.A., defines larceny as follows:
"(1) A person who, with intent to deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person:
"(a) Takes from the possession of the true owner, or of any other person; or obtains from such person possession by color or aid of fraudulent or false *280 representations or pretense, or of any false token or writing; or obtains the signature of any person to a written instrument, the false making whereof would be punishable as forgery; or secretes, withholds, or appropriates to his own use, or that of any person other than the true owner, any money, personal property, goods and chattels, thing in action, evidence of debt, contract or property, or article of value of any kind; or
"(b) * * *; or
"(c) * * *; steals such property, and is guilty of larceny.
"(2) If the property stolen is of the value of one hundred dollars or more, the offender shall be deemed guilty of grand larceny, and upon conviction thereof shall be punished by imprisonment in the state penitentiary not exceeding 5 years, or in the county jail not exceeding 12 months, or by fine not exceeding $1,000.00. * * *" (Emphasis supplied.)
The record contains ample evidence to support the jury's verdict of guilty. The offense of obtaining property by false pretenses is now encompassed in the foregoing larceny statute. See Anglin v. Mayo, Fla., 88 So.2d 918. The state's version of the evidence, which the jury evidently believed beyond a reasonable doubt, shows that appellant obtained the $600 final payment on the contract by false pretense  giving to Brown a false statement that the account of Causeway had been paid and the affidavit accompanying it  and that Brown parted with his money in reliance upon the truth of this representation. Also, it was entirely reasonable for the jury to conclude that appellant knew the statement was false at the time it was given, as he did not testify to the contrary, but stated that he told Brown at that time that Causeway had not been paid.
Appellant complains of the admission of evidence as to things which transpired between him and Brown subsequent to the $600 final payment. The record shows that the only objections by appellant's counsel were based upon the sole grounds of materiality and relevancy. We find the testimony admissible as corroborative statements and actions of appellant in proof of his recognition of the outstanding obligation to Causeway. An exception, however, is evidence which was admitted that Brown lost his home at least partly because of appellant's default in the second mortgage payments. We do not wish to condone the admission of such evidence but, considering the entire record, we do not regard this questioned evidence to be of such nature as to vitiate the verdict of the jury. In this regard, the Supreme Court, in Breen v. State, 84 Fla. 518, 94 So. 383, stated as follows:
"The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence, or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding, or that upon the whole evidence the verdict is clearly wrong, or that the jury were not governed by the evidence in making their finding."
Appellant next contends that it was error for the court to refuse his request for a bill of particulars. The record, however, contains neither a request or motion for bill of particulars nor an order on such a motion, nor do appellant's directions for making up the transcript include any direction that such be included. This contention, therefore, cannot be decided by the *281 appellate court. See Broward County Port Authority v. F.M. Rule and Company, Fla.App. 1960, 119 So.2d 82.
Appellant also contends that the court below erred in its instructions to the jury or in refusing certain instructions to the jury. Again, the record contains no objection by appellant to instructions given or to instructions refused. Such is a necessary predicate for appellate review. See Febre v. State, 158 Fla. 853, 30 So.2d 367; Miller v. State, Fla.App. 1958, 102 So.2d 737; Clinton v. State, Fla.App. 1958, 100 So.2d 82; § 918.10(4), Florida Statutes, F.S.A. We have examined the instructions given by the trial court and find no fundamental error therein.
Appellant further contends that certain other errors were made by the trial court in its rulings on points of evidence and curtailment of cross examination. We have examined the record on these points and find no reversible error therein.
Affirmed.
KANNER, Acting C.J., and ALLEN, J., concur.