BOARDMAN, Acting Chief Judge.
Appellant Claude Robert Webb contends that the evidence presented during his non-jury trial was legally insufficient to convict him of second degree grand theft under section 812.014, Florida Statutes (1981). We agree and reverse.
The information filed against appellant charged him with knowingly and unlawfully obtaining, using, or endeavoring to obtain or to use “United States currency in excess of $100.00,” with the intent to deprive Richard T. Doyle of a right to or benefit from this property. The information further specified that “while in the process of completing a second-floor addition to the residence of Richard T. Doyle, [appellant] had materials billed to the Doyle construction job which were not used on the Doyle construction job.”
The alleged discrepancy between the materials utilized in the Doyle project and those “billed” to Mr. Doyle came to light when a supplier filed a mechanic’s lien against the Doyle residence for three hundred thirty-six board feet of cedar supplied to appellant “for use” on the Doyle property. Only ninety-six feet of this cedar was actually incorporated into the Doyle addition or otherwise accounted for at the site. Thus, according to the state, appellant committed the offense of grand theft by endeavoring to force Mr. Doyle to pay— through discharge of a mechanic’s lien — for materials “billed” to Doyle but not incorporated into his home.
The evidence presented at trial established that appellant, a general contractor, and his construction company, ARC Construction, Inc., entered into a written contract with Richard Doyle to perform certain improvements to Doyle’s home for a flat fee of $43,180. During the course of this work, appellant purchased three hundred thirty-six board feet of cedar (comprised of twenty-four, 1 X 12 X 14 boards) from the supplier, Florida Forest Products, Inc. The invoice documenting this sale indicated that the cedar had been sold to “Claude R. Webb & ARC Const. Inc.” and “received in good order by R. Webb.” A portion of the invoice designated for shipping directions contained the notation “ARC, Doyle job.”
According to a trim carpenter employed by ARC, appellant later delivered approximately one-half of twenty-four cedar boards loaded in his truck to the Doyle site, informing the carpenter that the balance was for another job.[1] When appellant sub *702 sequently failed to pay for the cedar, purportedly because Doyle’s previous $25,000 total payments had been depleted in bringing the project to eighty-five per cent completion and Doyle had not remitted further installments, Florida Forest Products, Inc., filed a mechanic’s lien against the homeowner’s property. Doyle precluded appellant from finishing the project; this criminal charge ensued; and appellant ultimately was convicted and sentenced to three hundred sixty-four days imprisonment, followed by three years probation.
As section 812.014(1) and (2)(b)l, Florida Statutes (1981), makes clear, the state must establish that the accused knowingly obtained, used, or endeavored to obtain or to use property of another, valued in excess of $100, with the intent to deprive the lawful owner of the property or to appropriate it to the use of someone not entitled thereto. The evidence presented at appellant’s trial was simply insufficient to establish the crime of second degree grand theft.
Conversely, we conclude from a review of the record that appellant was tried and convicted for allowing a mechanic’s lien to attach to the homeowner’s property. Indeed, the trial court reached this same conclusion, stating:
[Tjhis has been a mechanic’s lien case and has been litigated as a mechanic’s lien case.... [From] my legal background ... in representing contractors building condominiums ... I am well aware of the fact that many mechanic’s liens are filed, jobs and so forth are designated for specific projects and there might be a dispute as to whether the materials are in the job or not.... [W]hat distinguishes this case for this Court basically [is that] in many of those cases, if there is a dispute, normally the contractors have maintained that the product was in the project and [were] able to show it or did show it.... [If] there was a good faith purchase of the supplies, there would be a showing.[2]
We do not agree that appellant’s failure to account for three hundred thirty-six board feet of cedar in the Doyle addition establishes his guilt of grand theft under the theory and evidence advanced by the state. The Florida Forest Products invoice containing the notation “ARC, Doyle job” is the only evidence that links appellant to the alleged endeavor to obtain money from Doyle. While the invoice admittedly reflects that appellant purchased three hundred thirty-six board feet of cedar, it clearly shows that appellant and his company, not Richard Doyle, were billed for the purchase. Because appellant was constructing the Doyle addition under a flat fee contract, his purchase of excess cedar would have no adverse impact on Mr. Doyle.
The crux of the state’s case appears to center around its contention that appellant improperly designated the Doyle residence as the site being improved by the purchase, as evidenced by the invoice notation “ARC, Doyle job.” We point out, however, that the state offered no evidence suggesting that appellant was responsible for that notation’s entry. Indeed, the identity of the person who prepared the invoice, the purpose of the notation, and the circumstances surrounding the notation’s inclusion remain purely matters of speculation.
Even assuming that appellant designated this purchase for improvement of the Doyle property, this fact, coupled with the state’s other evidence, does not support the inference that appellant possessed the requisite criminal intent to deprive Mr. Doyle of money at the time of making the purchase. See State v. Dunmann, 427 So.2d 166 (Fla.1983); McFarland v. State, 368 So.2d 948 (Fla. 4th DCA 1979).
Having concluded that appellant was improperly convicted of a criminal offense for circumstances arising out of a mechanic’s lien problem, we REVERSE appellant’s *703 judgment and sentence and REMAND to the trial court with directions to discharge appellant.
SCHEB and SCHOONOVER, JJ., concur.

. From the record we are unable to reconcile the discrepancy between the ninety-six board feet of cedar accounted for at the Doyle site *702 and the estimated one hundred sixty-eight feet testified to by the carpenter.

. In view of our decision reached here, we do not need to rule upon the enforceability of the mechanic’s lien.