573 So.2d 391 (1991)
Donald COESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2909.
District Court of Appeal of Florida, Fourth District.
January 16, 1991.
*392 Richard L. Jorandby, Public Defender, and Joseph S. Shook, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Donald Coester appeals from a conviction of grand theft in the first degree. He raises two points on appeal, the sufficiency of the circumstantial evidence presented against him, and the admissibility of Coester's financial statement. We reverse as to the first point thus rendering the second point moot.
Coester was charged, along with Roosevelt Jones, of having stolen $50,000.00 from Sherman Adcock. Jones had not been apprehended at the time of Coester's trial. The state's case-in-chief consisted of the testimony of two witnesses: Sherman Adcock and Jim Smith, Adcock's accountant. Coester testified on his own behalf. The facts of this case are largely undisputed.
Adcock, a Texas businessman, had contacted a trust in Houston, seeking financing for his business. The trust placed him in touch with Coester in Fort Lauderdale. Coester had worked in the finance industry for fourteen years, and at that time was working as a consultant and investor for Turnkey Bonding, a business operated by Roosevelt Jones. Adcock was told by both Coester and Jones that in order to secure a letter of credit from a bank in Switzerland, Adcock would have to forward a $100,000.00 good faith deposit to Turnkey Bonding's escrow account at Barnett Bank. Coester and Adcock agreed that if Coester was successful in securing the letter of credit for Adcock, Coester would receive a fee plus an equity interest in Adcock's business.[1]
Adcock transferred $50,000.00 to Turnkey Bonding's account in late July of 1987. Coester was not a signor on the account, nor was he able to withdraw any funds from the account. After this deposit, Coester began drafting the letter of credit. Adcock was told by his bank in Texas that if the wording of the letter of credit could be acceptable or could be changed or altered to meet their requirements, then that bank would fund the letter of credit. Coester completed an initial draft of the letter of credit, which Adcock's Texas bank found unsatisfactory. He continued to work on the drafting, and in early August, met with Adcock and Smith. At that meeting, Smith requested and was given Coester's financial statement, which Smith then showed to Adcock. Adcock and Smith were unable to verify some of the information in Coester's financial statement.
Approximately two months later, Adcock contacted Jones in an attempt to secure the return of his $50,000.00. By this time, Coester had become dissatisfied with Jones after having learned that Jones was attempting to secure a letter of credit for Adcock from a woman who was being investigated by the Federal Bureau of Investigation. It was undisputed that Coester notified Adcock of the woman's background and contacted Jones himself in an attempt to secure the return of Adcock's money.
The appellant argues that the circumstantial evidence adduced at trial was insufficient to support a verdict of guilty of grand theft. We agree.
Intent is an essential element of the crime of theft. Section 812.014(1), Florida Statutes (1986). It is generally true that *393 intent "is often not subject to direct proof and can only be inferred from circumstances." Jones v. State, 192 So.2d 285, 286 (Fla. 3d DCA 1966). Proof of Coester's intent consisted entirely of circumstantial evidence.
The Florida Supreme Court has noted:
A special standard of review of the sufficiency of the evidence applies where a conviction is wholly based on circumstantial evidence. Jaramillo v. State, 417 So.2d 257 (Fla. 1982). Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. McArthur v. State, 351 So.2d 972 (Fla. 1977); Mayo v. State, 71 So.2d 899 (Fla. 1954). The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse. Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), disapproved on other grounds, Williams v. State, 488 So.2d 62 (Fla. 1986).
State v. Law, 559 So.2d 187, 188 (Fla. 1989).
Here, the evidence adduced at trial, failed to exclude the reasonable hypothesis that Coester actively sought a letter of credit for Adcock, anticipating a sizeable fee for his work, unaware that Jones was removing money from the Turnkey Bonding account which Jones himself controlled. We acknowledge that the question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury. However, the trial judge is charged with reviewing the evidence "to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences." Id. at 189. Finding that the state failed to meet its threshold burden of introducing competent evidence which was inconsistent with the defendant's theory of events, we find that the court erred in failing to grant Coester's motion for judgment of acquittal. Id.
REVERSED AND REMANDED WITH DIRECTIONS TO DISCHARGE DEFENDANT.
HERSEY, C.J., and GLICKSTEIN and POLEN, JJ., concur.
NOTES
[1] Testimony revealed that Adcock was seeking a letter of credit for between $2,000,000.00 and $10,000,000.00, and Coester's fee, (1/2-1%), would have ranged between $10,000.00 and $100,000.00 plus the equity interest in Adcock's business.