PER CURIAM.
Appellant was charged by information with uttering a forged prescription for a controlled substance, bontril, and she entered a plea of not guilty and elected a nonjury trial. The trial court found appellant guilty as charged, withheld adjudication, and sentenced her to six months’ probation. We reverse.
Section 893.13(3)(a)1, Florida Statutes (1991), under which appellant was charged, provides that it is unlawful “[t]o acquire or obtain, or attempt to acquire or obtain, possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge.” (emphasis added). The state proceeded on the theory that appellant attempted to acquire or obtain bontril by uttering a forged prescription. There was no evidence that she actually did acquire or obtain the bontril. In Thomas v. State, 531 So.2d 708, 709-710 (Fla.1988), the Florida Supreme Court noted that an attempt exists only when there is “an intent to commit a crime, coupled with an overt act apparently adapted to effect that intent, carried beyond mere preparation, but falling short of execution of the ultimate design.” (citing Gustine v. State, 86 Fla. 24, 26, 97 So. 207, 208 (1923)). Thus, the. state is required to prove two general elements to establish an attempt: (1) a specific intent to commit a particular crime, and (2) an overt act towards its commission. Thomas, 531 So.2d at 708, 710. This common law requirement is codified at section 777.04(1), Florida Statutes (1991).
“Intent” is often not subject to direct proof and can only be inferred from circumstantial evidence. Coester v. State, 573 So.2d 391 (Fla. 4th DCA 1991); Jones v. State, 192 So.2d 285 (Fla. 3d DCA 1966). In State v. Law, 559 So.2d 187, 188 (Fla.1989), the Florida Supreme Court noted as follows:
A special standard of review of the sufficiency of the evidence applies where a conviction is wholly based on circumstantial evidence. Jaramillo v. State, 417 So.2d 257 (Fla.1984 [1982]). Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. McArthur v. State, 351 So.2d 972 (Fla.1977); Mayo v. State, 71 So.2d 899 (Fla.1954). The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse. Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Rose v. State, 425 So.2d 521 (Fla.1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), disapproved on other grounds, Williams v. State, 488 So.2d 62 (Fla.1986).
In the instant case, the evidence adduced at trial failed to exclude the reasonable hypothesis that appellant went to the pharmacy to have only the birth control portion of the prescription filled and to straighten out the mistake as to the bontril portion of the prescription. Therefore, because the state failed to meet its burden of introducing competent evidence which was inconsis *266 tent with appellant’s theory of events, we find that the trial court erred in denying appellant’s motion for judgment of acquittal.
REVERSED AND REMANDED with directions to discharge defendant.
FARMER, J., and WALDEN, JAMES H., Senior Judge, concur.
STONE, J., concurs specially with opinion.