676 So.2d 75 (1996)
Miguel Jose IGLESIAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2303.
District Court of Appeal of Florida, Third District.
July 10, 1996.
Samek & Besser, and Lawrence E. Besser, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and FLETCHER, JJ.
GERSTEN, Judge.
Appellant, Miguel Jose Iglesias (the "defendant"), appeals his conviction for second degree grand theft and contracting without a license. We affirm the defendant's conviction because the evidence was sufficient to establish felonious intent.
Charles and Irene Brooks (the "victims") suffered extensive damage to their home and sought a contractor to make the necessary repairs. Based upon a recommendation, the victims contacted the defendant.
The defendant told the victims that he was a licensed and insured contractor. He also showed them a certificate from the State of Florida purporting his authorization to work *76 on homes. The defendant then presented the victims with a contract for $45,000 which had the words "State licensed and insured" printed on it followed by the handwritten designation "HC-00002623." The victims signed the contract believing the defendant was a licensed contractor.
Although he had not obtained the necessary permits, the defendant began working on the home a few weeks later. The defendant never explained to the victims that he had an occupational license from Broward County as opposed to a standard contractor's license issued by the State. Interestingly, the defendant did attempt to secure a contractor's license subsequent to his agreement with the victims.
After the victims had paid the defendant $35,000, they learned he was not licensed and threw him off the job. The defendant was found guilty of second degree grand theft and contracting without a license. He was sentenced to three years probation and $10,500 in restitution costs.
On appeal, the defendant argues that the trial court erred in denying his motion for a judgment of acquittal, alleging the evidence was insufficient to show the requisite felonious intent. According to the defendant, he lacked the specific intent necessary to sustain a conviction for grand theft because he believed his home improvement license allowed him to supervise home construction and because he partially performed under the contract. We disagree.
Felonious intent is an essential element of the crime of grand theft. § 812.014(1), Fla.Stat. (1992); State v. Dunmann, 427 So.2d 166 (Fla.1983); Bertoglio v. American Sav. and Loan Ass'n of Florida, 491 So.2d 1216 (Fla. 3d DCA 1986); Webb v. State, 441 So.2d 700 (Fla. 2d DCA 1983). In order to sustain a conviction for grand theft, the State must show that the defendant had the specific intent to commit the theft at the time of or prior to the commission of the act of taking. Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), rev. denied, 494 So.2d 1151 (Fla.1986). Because intent to commit the theft usually cannot be proven by direct evidence, such intent may be inferred from the circumstances surrounding the illegal act. Coester v. State, 573 So.2d 391 (Fla. 4th DCA 1991).
Turning to the circumstances here, the defendant's failure to disclose that he was not a licensed contractor coupled with his subsequent attempt to secure a contractor's license clearly evidences an intentional felonious misrepresentation. But for the defendant's successful use of blatnaya muzïka[1] in affirmatively and intentionally misrepresenting that he was a licensed and insured contractor, the victims would not have paid him $35,000 to make the repairs.
Sufficient circumstantial evidence of felonious intent exists and we find the State met its burden of producing evidence inconsistent with the defendant's theory of innocence. See McArthur v. State, 351 So.2d 972 (Fla.1977); Jones v. State, 192 So.2d 285 (Fla. 3d DCA 1966). Accordingly, because the record reveals legally sufficient evidence to support the conviction for grand theft, the conviction is affirmed.
Affirmed.
NOTES
[1] Russian, meaning "thieves' lingo."