CAMPBELL, Acting Chief Judge.
Appellant challenges his conviction for grand theft of a motor home. He contends that the state failed to present sufficient evidence of the RV’s value to support either his second degree grand theft conviction or the $21,000 restitution order. He also argues that the court should have conducted a restitution hearing to consider the factors listed in section 775.089(6), Florida Statutes (Supp.1992). Finally, he maintains that the state failed to present sufficient evidence of appellant’s intent to support the conviction.
First, we agree with appellant that the court failed to conduct a restitution hearing to consider the factors listed in section 775.089(6), Florida Statutes (Supp.1992). Although the amended version of the statute did not require the court to consider those factors, the form of the statute in effect at the relevant time did require the court, at the time it imposed restitution, to consider “the amount of the loss sustained, the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.”
Since appellant’s offense here was committed between April 1, 1993 and September 16, 1993, and the statute amendment did not take effect until May 8, 1995, the above-quoted section was the law in effect, and the court was obligated to consider the factors listed. Its failure to do so requires us to remand for a hearing to allow the court to consider those factors. However, in considering those statutory factors, we instruct the court not to consider the value of the loss since that was already established. The $21,000 sales price set on the RV was sufficient to prove value. See Emshwiller v. State, 462 So.2d 457 (Fla.1985).
Turning to appellant’s next point, as stated above, we conclude that the $21,000 sales price of the RV was sufficient to prove value. Accordingly, it was sufficient to support appellant’s second degree grand theft conviction.
Finally, although appellant maintains that the circumstantial evidence of his intent was not sufficient to support a grand theft conviction, we disagree. Contrary to appellant’s position, this case does not require the impermissible pyramiding of inferences to conclude that appellant had the intent to permanently deprive the victim of his RV. *871 Appellant intended to knowingly obtain the RV through misrepresentation and false promise in May 1993, when he took the RV under false pretenses. His intent may properly be inferred from his actions. See Iglesias v. State, 676 So.2d 75, 76 (Fla. 3d DCA 1996). On this record, there is significant, substantial evidence to support the jury verdict. See State v. Law, 559 So.2d 187 (Fla.1989).
Accordingly, we affirm appellant’s conviction, but vacate the restitution award and remand for a restitution hearing in accord with the statute and this opinion.
PATTERSON and QUINCE, JJ., concur.