994 So.2d 381 (2008)
The STATE of Florida, Appellant,
v.
Dudley COHN, Appellee.
No. 3D06-970.
District Court of Appeal of Florida, Third District.
October 15, 2008.
Rehearing Denied November 5, 2008.
Bill McCollum, Attorney General, and Linda S. Katz and Maria T. Armas, Assistant Attorneys General, for appellant.
Edward Carhart and Jane De Guzman, for appellee.
Before RAMIREZ and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
The State appeals from alternative orders respectively granting the defendant a judgment of acquittal and a new trial after a jury found him guilty of committing a scheme to defraud in the sale of East Everglades property. See § 817.034(3)(d), Fla. Stat.[1]; § 817.034(4)(a)(1), Fla. Stat.[2] It is clear that (a) the evidence of guilt was more than sufficient, see Boyd v. State, 910 So.2d 167 (Fla.2005); United States v. *382 Thomas, 377 F.3d 232 (2d Cir.2004); United States v. Amrep Corp., 560 F.2d 539 (2d Cir.1977); Sewall v. State, 783 So.2d 1171 (Fla. 5th DCA 2001); State v. Summerlot, 711 So.2d 589 (Fla. 3d DCA 1998); Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982); and (b) there is nothing to support the trial court's determinations that the verdict was contrary to the manifest weight of the evidence, see Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Winnemore v. State, 150 So.2d 277 (Fla. 2d DCA 1963); and that testimony unfavorable to the defendant had been improperly admitted at trial. See Dixon v. State, 911 So.2d 1260 (Fla. 4th DCA 2005); Reed v. State, 883 So.2d 387 (Fla. 4th DCA 2004); Bulkmatic Transp. Co. v. Taylor, 860 So.2d 436 (Fla. 1st DCA 2003); Midtown Enters. v. Local Contractors, 785 So.2d 578 (Fla. 3d DCA 2001). Consequently, both orders under review are reversed and the cause is remanded for entry of judgment against the defendant in accordance with the jury verdict and for appropriate sentencing.
Reversed.[3]
NOTES
[1] "(d) `Scheme to defraud' means a systematic, ongoing course of conduct with intent to defraud one or more persons, or with intent to obtain property from one or more persons by false or fraudulent pretenses, representations, or promises or willful misrepresentations of a future act."
[2] The statute provides: "(a) Any person who engages in a scheme to defraud and obtains property thereby is guilty of organized fraud, punishable as follows: 1. If the amount of property obtained has an aggregate value of $50,000 or more, the violator is guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
[3] We neither preclude the previous trial judge from presiding over the post mandate proceedings nor require him to do so.