356 So.2d 313 (1978)
STATE of Florida, Appellant,
v.
Robert GAYLORD, Appellee.
No. 52331.
Supreme Court of Florida.
March 9, 1978.
*314 Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellant.
Charles Holcomb, Cocoa, for appellee.
KARL, Justice.
We have for review by direct appeal an order of the trial judge finding Section 827.03(3), Florida Statutes (1975), unconstitutionally vague and overly broad and dismissing the information against appellee. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
Appellee was charged by information with aggravated child abuse in that he maliciously punished Harold Wilmore, a child thirteen years of age, by beating the child with a hose. Appellee moved to dismiss the amended information on the grounds that Section 827.03(3), Florida Statutes (1975), is unconstitutionally vague, indefinite and overbroad and that the undisputed facts do not, and cannot, constitute a crime under the laws of the State of Florida. In his motion to dismiss, appellee alleged that he was Harold's stepfather and custodian and that as a result of Harold's repeated disobedience, insolence and intentional disregard of appellee's instructions, appellee administered corporal punishment to Harold using a length of garden hose. The trial judge granted the motion to dismiss on the basis that Section 827.03(3), Florida Statutes (1975), is unconstitutionally vague and overbroad.
This Court has recently upheld the constitutionality of Section 827.03, Florida Statutes (1975), in Faust v. State, 354 So.2d 866 (Fla. 1978), against the attack of vagueness and overbreadth. Therein, this Court held that Section 827.03, Florida Statutes (1975), conveys a sufficiently definite warning to those subject to its provisions as to what conduct on their part will render them liable to its penalties. See also Jordan v. State, 334 So.2d 589 (Fla. 1976).
Contrary to appellee's assertions, we find that the term "maliciously" does provide a definite standard of conduct understandable by a person of ordinary intelligence. Malice means ill will, hatred, spite, an evil intent. Cf. Huntley v. State, 66 So.2d 504 (Fla. 1953).
Accordingly, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.