PATTERSON, Judge.
Cole appeals his judgment and sentence for vehicular homicide and argues that the trial court gave an improper jury instruction. We agree and reverse.
On August 6, 1986, Cole lost control of the van he was driving and it left the roadway and overturned. One of Cole’s passengers was killed. On June 18, 1987, Cole was charged in a four-count amended information with: death by intoxicated driver, contrary to section 316.1931, Florida Statutes (1985); manslaughter, contrary to section 782.07, Florida Statutes (1985); vehicular homicide, contrary to section 782.-071, Florida Statutes (1985); and driving while license suspended or revoked, contrary to section 322.34, Florida Statutes (1985).
At trial, the trial judge gave the following jury instruction on the charge of vehicular homicide:
*176 Before you can find the defendant guilty of vehicular homicide, the State must prove more than a failure to use ordinary care, and must prove the following three elements beyond a reasonable doubt:
1. Richard Oden is dead.
2. The death was caused by the operation of a motor vehicle by Larry Kenneth Cole.
3. Larry Kenneth Cole operated the motor vehicle in a reckless manner likely to cause the death of or great bodily harm to another person or while having a blood alcohol level of 0.10 or above.
An intent by the defendant to harm or injure the victim or any other person is not an element to be proved by the State.
(Emphasis added.)
The third element of vehicular homicide is that the defendant “operated the motor vehicle in a reckless manner likely to cause the death of or great bodily harm to another person.” Fla.Std.Jury Instr. (Crim.) (vehicular homicide). The trial court added to this instruction the alternative element “or while having a blood alcohol level of 0.10 or above,” which is not an element of the crime. See § 782.071, Fla.Stat. (1985).
The state’s uncontroverted evidence established that Cole’s blood showed alcohol levels of 0.127 and 0.128; thus, the instruction was tantamount to directing a verdict of guilty. The jury found Cole not guilty of death by intoxicated driver and manslaughter and guilty of vehicular homicide. The faulty jury instruction constitutes fundamental error and requires a new trial on the charge of vehicular homicide.
We find no merit in the state’s contention that this issue has not been properly preserved for appeal. See Carter v. State, 469 So.2d 194 (Fla. 2d DCA 1985). Reversed and remanded.
HALL, A.C.J., and PARKER, J., concur.