656 So.2d 555 (1995)
Jean E. MERCER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1918.
District Court of Appeal of Florida, First District.
June 12, 1995.
Nancy A. Daniels, Public Defender, Fred Parker Bingham II, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Thomas Falkinburg, Asst. Atty. Gen., Tallahassee, for appellee.
MICKLE, Judge.
Appellant challenges her conviction for obtaining or attempting to obtain possession of a controlled substance by uttering a forged prescription. She claims that the trial court committed fundamental error by giving an inaccurate jury instruction that permitted the jury to convict without proof of the essential elements of the offense, that the trial court erred in denying her motion for judgment of acquittal, and that certain costs were improperly imposed at sentencing. Because we agree that the jury instructions were fundamentally defective, we are compelled to reverse and remand for a new trial.
Section 893.13(7)(a)9, Florida Statutes (1991), under which appellant was charged, provides that it is unlawful "[t]o acquire or obtain, or attempt to acquire or obtain, possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge." The state herein proceeded on the theory that appellant attempted to acquire or obtain Fiorinal by uttering a forged prescription. The evidence adduced at trial established that the prescription uttered by appellant was in fact forged. Appellant's theory of defense, however, was that she did not know the prescription was forged but rather, in good faith, believed it to be valid when she submitted it to the pharmacist. Stated otherwise, appellant claimed she lacked the mens rea necessary to support a conviction for attempting to obtain a controlled substance by uttering a forged prescription. At the completion of the presentation of evidence at trial, defense counsel moved for a judgment of acquittal on the basis of insufficient evidence of intent. The motion was denied.
During closing arguments, the prosecutor stated to the jury:
I would submit to you that when the judge instructs you on the law that applies in this case to Jean Mercer that you will not hear him say that the State must prove that Jean Mercer intentionally did anything. *556 The law in this State is broken into both intentional  specific intent crimes and general intent crimes. When the State has to prove the intent of the person, then the Court instructs that you must find from the evidence that the State has proved intent.
* * * * * *
I think the Court will instruct you that the State must prove to you three elements and three elements only, and in none of those elements will you hear the word "intent"; that the State must prove that Jean Mercer attempted to acquire or obtain possession of a certain substance; that the substance was Fiorinal 3, codeine; and that Jean Mercer attempted to acquire that substance by misrepresentation, fraud, forgery, deception or subterfuge  the only three.
* * * * * *
... [L]et's talk first about the evidence from the defendant's mouth. She does not deny turning in the prescription. She does not deny that the prescription was for Fiorinal 3, and she does not deny coming back to pick up the medicine. In reality, you could stop right there and say, "Hey, all three of the elements are proven, even out of her mouth."
Immediately following closing arguments, the trial judge instructed the jury as follows:
Jean Mercer, the defendant in this case, has been accused of the crime of uttering a forged prescription. Certain drugs and chemical substances are by law known as "controlled substances." Fiorinal No. 3 is a controlled substance.
Before you can find the defendant guilty of obtaining a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge, the State must prove the following three elements beyond a reasonable doubt: first, that Jean Mercer attempted to acquire or obtain possession of a certain substance; second, the substance was Fiorinal No. 3; third, that Jean Mercer attempted to acquire or obtain the substance by misrepresentation, fraud, forgery, deception, or subterfuge.
We agree with appellant that the prosecutor's statements and the trial judge's jury instructions omitted an essential element of the crime charged, to wit, scienter (i.e. criminal intent and knowledge). The third prong of the charged offense requires proof of misrepresentation, fraud, forgery, deception, or subterfuge. Proof of any one of these misdeeds necessarily requires a showing of knowledge and intent on the part of the perpetrator. See, e.g., Mariano v. State, 615 So.2d 264 (Fla. 4th DCA 1993) (to prove defendant attempted to obtain possession of a controlled substance by uttering a forged prescription, state was required to establish specific intent to commit the crime). The prosecutor incorrectly informed the jury that the crime charged was, in essence, a strict liability offense requiring no showing of fraudulent intent on the part of appellant to attempt to obtain a controlled substance with knowledge that the prescription was a forgery. The court's jury instructions, coupled with the prosecutor's comments, served to mislead the jury further in this regard. The failure herein to charge the jury that the state had to prove intent and knowledge on the part of appellant relieved the state of its burden of proving the essential elements of the charged offense, deprived appellant of her sole theory of defense, and may have resulted in an impermissible conviction for a non-existent crime.
The state argues that appellant did not object to the jury instruction at trial and thus failed to preserve the issue for appeal. On the contrary, we consider that the failure of the trial court, in view of appellant's good faith defense and in light of the prosecutor's statements during closing argument, to charge the jury that knowledge and intent are indispensable elements of the alleged crime, amounted to fundamental error the gravity of which necessitates reversal. See Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990).[1]
*557 With regard to the remaining two issues, we find no error in the denial of the motion for judgment of acquittal and, given our disposition herein, need not reach the issue of the imposition of costs at sentencing.
REVERSED and REMANDED.
WEBSTER and BENTON, JJ., concur.
NOTES
[1] We recognize that the trial court instructed the jury in accordance with the Florida Standard Jury Instructions in Criminal Cases. However, as we stated in Steele, the standard jury instructions are intended only as a guide and cannot relieve the trial court of its responsibility to charge the jury correctly in each case. Id. at 645.