753 So.2d 725 (2000)
Yonbloksis V. YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-2716.
District Court of Appeal of Florida, First District.
March 21, 2000.
*726 Nancy A. Daniels, Public Defender; Tracy T. Murphy, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Bart Schneider, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
In this direct criminal appeal, appellant challenges her conviction, following a jury trial, of aggravated child abuse. Because we conclude that the standard jury instruction on aggravated child abuse given by the trial court included a prejudicially erroneous definition of the word "maliciously" as used in section 827.03(2)(b), Florida Statutes (Supp.1996), we reverse and remand for a new trial.
Appellant was charged by amended information with aggravated child abuse of her seven-year-old son. The information alleged that appellant "did maliciously punish the said child, by striking said child with a cord, in violation of Section 827.03(2)(b), Florida Statutes." To the extent pertinent, section 827.03(2)(b), Florida Statutes (Supp.1996), provides that "`[a]ggravated child abuse' occurs when a person... maliciously punishes ... a child."
The evidence presented at trial was as follows. Appellant had called the sheriffs office to complain that a relative was teaching her two boys how to steal. Appellant was upset. Since the boys had not yet stolen anything, the deputy who responded to the call explained that there was nothing he could do. The next day, the same deputy responded to another call. Upon arriving, he observed several bruises and abrasions on the back, neck, arms and chest of appellant's seven-year-old son. The child told the deputy that appellant had questioned him about some missing money, and had then hit him with a telephone cord. Appellant told the deputy that she had "blacked out," and did not remember what had happened.
A nurse testified that she had counted 17 separate "marks" on the child, which appeared to have been inflicted within the previous two days. An investigator with the Department of Children and Families testified that the child had told her that his mother had hit him with an extension cord as punishment for stealing a dollar from her. Appellant told the investigator that the child had become upset because she had told him that he could not go on an outing, and had thrown the joy stick of a computer game at her. Appellant said that she responded by hitting the child with the computer cord. Appellant also told the investigator that her two sons were "out of control"; that the child had stolen money from her purse; that she had called the authorities seeking help in disciplining the boys; and that, after the incident, she had tried to drop the boys off at the Juvenile Justice Center but, finding it closed, had taken them to their father's home instead.
The child testified that appellant had punished him for something he had not done by spanking him with a folded extension cord. He denied any recollection of having spoken to either the deputy or the investigator from the Department of Children and Families about the incident.
After the state rested, appellant moved for a judgment of acquittal, arguing that the evidence failed to establish that the punishment inflicted had been maliciously motivated, as required by section 827.03(2)(b). The trial court denied the *727 motion. The defense then rested, without offering any evidence.
During the charge conference, appellant requested that the following instruction be given, instead of the standard instruction:
Before you can find the defendant guilty of aggravated child abuse as charged in this case, the State must prove the following two elements beyond a reasonable doubt:
1. The Defendant:
a. Maliciously punished [the child].
b. [The child] was under the age of eighteen years.
A parent does not commit a crime by inflicting corporal punishment on a child if the parent remains within the legal limits of the exercise of that authority.
To prove that the Defendant ... overstepped the legal limits in this case, the State must prove beyond a reasonable doubt that the punishment allegedly imposed upon the child by her was motivated by malice.
"Malice" means ill will, hatred, spite, an evil intent.
According to appellant, the standard jury instruction included a definition of malice that was at odds with the definition found in prior decisions of the supreme court and this court and was, therefore, erroneous. The prosecutor responded that the standard instruction was legally correct, and should be given. The trial court agreed to emphasize to the jury that malice was a prerequisite to a finding of guilt. However, it refused to give the definition of malice proposed by appellant, saying that it would give the definition contained in the standard instruction, because it believed that it was obliged to do so. The trial court subsequently acknowledged that appellant had sufficiently preserved for appellate purposes all of her objections to the instructions that would be given.
The trial court instructed the jury as follows regarding the elements of aggravated child abuse, as charged in the case:
[T]he defendant in this case[ ] has been accused of the crime of aggravated child abuse. And before you can find her guilty of aggravated child abuse, the State must prove the following two elements beyond a reasonable doubt: First of all, that she maliciously punished [the child].
Now, a parent does not commit a crime by inflicting corporal punishment on a child if a parent does so with an absence of malice.
... [A]nd the second element that must be proven beyond a reasonable doubt is that [the child] was under the age of 18 years when the alleged event occurred.
For purposes of the alleged offense, the word maliciously means wrongfully, intentionally, without legal justification or excuse.
The jury found appellant guilty as charged. Appellant moved for a new trial, arguing (among other things) that the trial court had incorrectly instructed the jury regarding the meaning of "maliciously" as used in section 827.03(2)(b). The motion was denied, and appellant was adjudicated guilty and sentenced to 67 months in prison. This appeal follows.
Initially, we conclude that the question of the correctness of the definition of malice provided to the jury was adequately preserved for appellate review. However, even if it had not been, as the state properly concedes, failure correctly to instruct a jury on a disputed element of a crime is fundamental error. E.g., Mercer v. State, 656 So.2d 555 (Fla. 1st DCA 1995); Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990).
To establish that appellant had committed the crime with which she was charged, the state was required to prove that she "maliciously punishe[d]" the child. There was no dispute about the fact that the child had been punished. The only contested issue was whether that punishment *728 had been "maliciously" inflicted. "Maliciously" is not defined in chapter 827.
In State v. Gaylord, 356 So.2d 313 (Fla. 1978), the court held that section 827.03(3), Florida Statutes (1975), which treated "maliciously punish[ing] a child" as aggravated child abuse, was not unconstitutionally vague. In order to do so, the court was obliged to determine whether the word "maliciously" "provide[d] a definite standard of conduct understandable by a person of ordinary intelligence." Id. at 314. The court concluded that it did, stating that "[m]alice means ill will, hatred, spite, an evil intent." Id. That definition of malice has since been consistently employed in aggravated child abuse cases. E.g., Freeze v. State, 553 So.2d 750 (Fla. 2d DCA 1989); Moakley v. State, 547 So.2d 1246 (Fla. 5th DCA 1989). Notwithstanding the definition adopted in Gaylord, however, without explanation, the standard jury instruction on aggravated child abuse includes a different definition"`Maliciously' means wrongfully, intentionally, without legal justification or excuse." Fla. Std. Jury Instr. (Crim.) 227.
The difference between the definition adopted in Gaylord and that included in the standard jury instruction is significant. The former is generally referred to as actual malice, or malice in fact; whereas the latter is generally referred to as legal, or technical, malice. See Huntley v. State, 66 So.2d 504, 507 (Fla.1953); Ramsey v. State, 114 Fla. 766, 154 So. 855, 856 (1934). See also 52 Am.Jur.2d, Malice § 1 at 161-62 (1970); Black's Law Dictionary 956-58 (6th ed.1990). Actual malice, or malice in fact, requires proof of evil intent or motive. Ramsey, 154 So. at 856. In contrast, legal malice merely requires proof of an intentional act performed without legal justification or excuse. Id. Legal malice may be inferred from one's acts, and does not require proof of evil intent or motive. Black's Law Dictionary 958 (6th ed.1990).
As best we have been able to determine, the standard instruction on aggravated child abuse was one of the standard instructions initially adopted by the court in 1981, see In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981), and has never been subsequently amended. The trial court believed that, because of the inclusion of the instruction in the Florida Standard Jury Instructions in Criminal Cases, it was obliged to give the instruction as written, regardless of its views as to its correctness. This was a mistaken impression. In 1981, the supreme court said:
The Court recognizes that the initial determination of the applicable substantive law in each individual case should be made by the trial judge. Similarly, the Court recognizes that no approval of these instructions by the Court could relieve the trial judge of his responsibility under the law to charge the jury properly and correctly in each case as it comes before him.
Id. at 598. The court has consistently adhered to that position. E.g., Standard Jury Instructions in Criminal Cases, 723 So.2d 123, 123 (Fla.1998) (Adopting proposed amendments to the criminal standard jury instructions, the court said, "we express no opinion on the correctness of these instructions and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the new instructions"). We, too, have emphasized that the standard "instructions are intended only as a guide, and can in no wise relieve the trial court of its responsibility to charge the jury correctly in each case." Steele v. State, 561 So.2d 638, 645 (Fla. 1st DCA 1990).
We hold that the trial court erred when it gave the jury the definition of "maliciously" included in the standard instruction, rather than that adopted by the court in Gaylord, and requested by appellant. The instruction given permitted the jury to return a guilty verdict based upon *729 a finding of only legal, or technical, malice, rather than actual malice, or malice in fact. The effect of the error was to permit the jury to return a guilty verdict without finding that appellant actually harbored "ill will, hatred, spite, [or] an evil intent" when she punished her son, thereby reducing the state's burden of proof on an essential element of the offense charged. Because the jury might well have concluded from the evidence that appellant had not acted "maliciously" had it been properly charged, we hold, further, that the error was harmful. Accordingly, we reverse appellant's conviction, and remand the case for a new trial.
REVERSED and REMANDED, with directions.
DAVIS and VAN NORTWICK, JJ., CONCUR.