772 So.2d 625 (2000)
Sylvester Johnson SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1121.
District Court of Appeal of Florida, Fourth District.
December 13, 2000.
*626 Richard Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, for appellee.
GARDINER, ANA I., Associate Judge.
Appellant, SYLVESTER SMITH, appeals his conviction and sentence for the crime of second degree murder. After being found guilty by a jury, Appellant was sentenced to life in prison as a violent habitual felony offender.
Appellant and the victim were residents in the same recovery center. The victim came inside Appellant's room, without permission, and struck the Appellant twice on the head causing Appellant to fall. Appellant responded by picking up a knife and striking the victim several times. The victim ran out of Appellant's room yelling for help and that he had been stabbed. The police were called, and when they arrived on the scene, they found the victim on the ground, bleeding and incoherent. The victim suffered four stab wounds, one of which was fatal.
On appeal, Appellant argues that he is entitled to a new trial because the trial court's instructions to the jury on "introduction to Homicide," justifiable use of deadly force and aggravated assault, were incomplete and misleading. Initially this Court notes that the suggested errors in the jury instructions, raised on appeal, were not preserved by an objection in the trial court. Absent fundamental error, the complained of errors cannot be considered on appeal. Archer v. State, 673 So.2d 17 (Fla.1996). Fundamental error is defined as "error which reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." State v. Delva, 575 So.2d 643, 644-45 (Fla.1991) (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)).
A careful analysis of the claimed errors in the jury instructions, in this case, does not support a finding of fundamental error. The instructions read to the jury were sufficiently complete to properly apprise the jury of the law that should be considered in reaching a verdict. Although it is preferable that the standard jury instructions be read exactly as they are written, it does not follow that any departure in reading the instructions will be reversible error. Contemporaneous objections to the instructions permit the trial court to correct any errors that may have been made, prior to the jury deliberating. In the instant case, there was an objection to the instruction on justifiable use of deadly force, permitting the trial court to adequately reinstruct the jury. It does not appear that the Appellant was unfairly prejudiced by the instructions read to the jury which included reinstruction on the applicable defenses.
AFFIRMED.
POLEN and SHAHOOD, JJ., concur.