783 So.2d 1192 (2001)
Loretta REED, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2562.
District Court of Appeal of Florida, First District.
May 1, 2001.
*1194 Nancy A. Daniels, Public Defender; Jamie Spivey, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Sherri Tolar Rollison, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Loretta Reed (appellant) appeals her conviction of aggravated child abuse of her minor daughter, a second-degree felony under section 827.03, Florida Statutes (1997). Appellant contends that the trial court reversibly erred (1) by refusing to allow the jury to have a current view of the victim's wounds, which purportedly could have led the jury to believe the injuries inflicted upon the child were less severe or long-lasting than the state's charges indicated; and (2) by giving an erroneous standard jury instruction defining an essential element of the crime in a manner directly contrary to the requirements set forth in State v. Gaylord, 356 So.2d 313 (Fla.1978), as recently construed in Young v. State, 753 So.2d 725 (Fla. 1st DCA 2000). We find no abuse of discretion in the lower court's refusal to require the victim to reveal her physical wounds at the trial. As to the second issue, we affirm based upon appellant's failure to preserve the issue for appellate review but certify a question of great public importance as to this issue.

FAILURE TO ALLOW JURY TO VIEW CURRENT INJURIES
The state's second-amended information alleged that between May 1 and October 29, 1997, appellant did "commit an aggravated battery upon and/or willfully torture or maliciously punish" the victim, a child under age 18, "by repeatedly hitting her with a stick and/or an electrical cord."[1] The trial took place 19 to 24 months after the window period in which the offense had been committed. During the state's case, a detective's photographs of wound marks on the victim's back, leg, buttocks, and side (taken very soon after the injuries had been inflicted and reported to the authorities) were entered in evidence without an objection. Noting the amount of time that had elapsed since the occurrence of the injuries, defense counsel asked that the jury be allowed to view the current appearance of the victim's back and body. The defense's strategy was that if the injuries from the whipping were no longer visible, or were barely visible, this would constitute exculpatory evidence on the disputed issue of the severity and permanency of the wounds. The state objected to a current viewing on the ground that requiring the child to reveal her wounds to a *1195 jury of strangers would be traumatic and would constitute an unwarranted invasion of her right to privacy. Alternatively, the state asserted that neither a live viewing nor the taking and disclosure of current photographs of the wounds were appropriate or necessary, in that the victim's treating physician would testify that the wound marks observable in the state's earlier photos had "almost completely" faded. The defense's request, which was renewed at the beginning of its own case over the state's objection, was denied. The court also declined a defense request to inform the jury that the court had refused to allow a current physical display or photographic viewing of the wounds.
A trial court's ruling on the admissibility of evidence is subject to the abuse of discretion standard of review, see Sexton v. State, 697 So.2d 833, 837 (Fla. 1997), and comes to this court clothed with a presumption of correctness. See Savage v. State, 156 So.2d 566, 568 (Fla. 1st DCA 1963). Appellant concedes that "[t]here is no general constitutional right to discovery in a criminal case." Weatherford v. Bursey, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). She acknowledges also that witnesses for the state are protected by article I, sections 12 ("searches and seizures") and 23 ("right of privacy") of the Florida Constitution. See State v. Brewster, 601 So.2d 1289 (Fla. 5th DCA 1992). We conclude that appellant has not met her burden of demonstrating that the refusal to allow a current viewing or current photographs of the victim's wounds constituted "prejudicial error." § 924.051(7), Fla. Stat. (1997). Here, the victim was not a witness. The state correctly asserts that a current viewing or current photographic evidence of the injuries showing that the wounds had faded was not relevant to the question of whether the injuries had occurred. As no contrary evidence was presented, such evidence was not needed to impeach. Assuming for the sake of argument that a current viewing would have been relevant, we would still conclude that, absent a showing that "strong or compelling reasons" existed for the jury to be permitted to view the current wounds, the trial court properly found no basis for requiring a viewing. See State v. Smith, 260 So.2d 489 (Fla.1972) (holding trial court lacked authority to order witnesses, who might be used by the state to identify persons involved in perpetration of crime alleged to have been committed by defendants, to be examined for visual acuity by specified physician prior to trial); State v. Kuntsman, 643 So.2d 1172 (Fla. 3d DCA 1994) (holding that trial court departed from essential requirements of law by ordering prosecution witnesses to view array of 38 photographs and then be questioned about photos during the course of criminal depositions where defense had failed to present strong or compelling reasons for discovery order). The refusal to allow a current viewing did not in any manner impinge upon appellant's constitutional right to due process. See Fuller v. State, 669 So.2d 273 (Fla. 2d DCA 1996); State v. Farr, 558 So.2d 437 (Fla. 4th DCA 1990). Furthermore, the requested viewing would have merely corroborated the testimony of appellant's pediatrician that the child's wounds had almost completely faded.

GIVING AN ERRONEOUS JURY INSTRUCTION ON AN ESSENTIAL ELEMENT
The statute under which appellant was charged states, in pertinent part:
(2) "Aggravated child abuse" occurs when a person:

*1196 (a) Commits aggravated battery on a child;
(b) Willfully tortures, maliciously punishes, or willfully and unlawfully cages a child; or
(c) Knowingly or willfully abuses a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child.
§ 827.03(2), Fla. Stat. (1997). The state's charging instrument essentially tracked subsections (2)(a) and (2)(b).
The standard jury instruction for this crime states, "`Maliciously' means wrongfully, intentionally, without legal justification or excuse." Fla. Std. Jury Instr. (Crim.) 227. In Young v. State, 753 So.2d 725 (Fla. 1st DCA 2000), we held that the standard jury instruction did not adequately define malice because it did not state that to find the defendant guilty, it must be determined that the accused "`actually harbored' ill will, hatred, spite or an evil intent." Id. at 729. Unlike the defendant in Young, however, the defendant in this case did not object to the incomplete instruction.[2]
In the instant case, the judge instructed the jury in accordance with the standard jury instruction which had been adopted by the supreme court, and he was never alerted to a potential problem with that instruction. The instruction which was read, while overly inclusive, did not totally fail to address the element of malice, and there is no allegation that the prosecutor misused the inaccurate instruction in closing argument.
Fundamental error in a criminal case has been described as "error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Barnes v. State, 743 So.2d 1105, 1108 (Fla. 4th DCA) (quoting Kilgore v. State, 688 So.2d 895 (Fla.1996)), rev. denied, 744 So.2d 457 (Fla. 1999). Challenges to an inaccurate or erroneous instruction must be preserved for *1197 appeal. See State v. Delva, 575 So.2d 643, 644-645 (Fla.1991); see also Archer v. State, 673 So.2d 17, 20 (Fla.1996); Geralds v. State, 674 So.2d 96, 98-99 n. 6 (Fla. 1996); Tolbert v. State, 679 So.2d 816, 818 (Fla. 4th DCA 1996) (en banc). Even alleged errors in instruction that are asserted to mislead the jury concerning an element of the crime must be preserved for appeal. See Auger v. State, 725 So.2d 1178, 1178-79 (Fla. 2nd DCA 1998); see also Smith v. State, 772 So.2d 625 (Fla. 4th DCA 2000). But see Hubbard v. State, 751 So.2d 771, 772 (Fla. 5th DCA 2000). If the challenged instructions define either a nonexistent crime or totally fail to address an element of a crime, the alleged error may be considered to be fundamental. See Mosely v. State, 682 So.2d 605, 606 (Fla. 1st DCA 1996) (holding that instructing jury on nonexistent crime constituted fundamental error); Mercer v. State, 656 So.2d 555, 556 (Fla. 1st DCA 1995) (holding that failing to instruct on an essential element of a crime constituted fundamental error). The instant case involves an alleged inaccurate definition of an element of a crime rather than a total failure to address a necessary element.
Appellant relies heavily on language in Young which indicated that giving an inaccurate definition of the term "maliciously" constituted fundamental error. See Young, 753 So.2d at 727. This language was dicta.[3] This court specifically stated in Young that the issue "was adequately preserved for appellate review." Id. The two cases cited in Young for the proposition that giving an incorrect instruction on an element of a crime constitutes fundamental errorMercer and Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990)are factually distinguishable from this case and do not stand for the general proposition that the Young court stated.[4]
While we understand the dissent's concern (as well as the Young court's concern) about a person being wrongfully convicted of aggravated child abuse without proof that he or she harbored "ill will, hatred, spite or an evil intent," in the instant case such concerns are not well founded. The facts at issue here reveal repeated serious injuries to the child; testimony from teachers, HRS investigators, and the school nurse about the serious nature of those injuries; testimony from an expert in pediatrics that the injuries were consistent with abuse and not accidental; and the defendant's admission generally to abuse as well as her admission concerning the use of foreign objects and hitting the child when she was angry. There was also evidence of repeated lying and coverup concerning the nature and cause of the child's injuries.
In cases where there is some evidence that an innocent person may have been convicted or the prosecutor has misused *1198 the improper instruction, application of the doctrine of fundamental error to the giving of inaccurate jury instructions may be justified. An across-the-board rule is unnecessary, however, and may cause disruption within the court system.[5] In this case, utilization of the doctrine of fundamental error is simply not justified in light of the overwhelming evidence of guilt and lack of evidence that the inaccurate instruction was misused. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We recognize that the language we are utilizing may be indicative of a harmless error analysis; however, such language has often been used in the context of determining whether an error is fundamental.
We also conclude that even if the error in this case were determined to be fundamental, any such error would be harmless. Both the supreme court and this court have determined that even fundamental error may in fact be harmless. See State v. Clark, 614 So.2d 453, 454 (Fla.1992); Mincey v. State, 684 So.2d 236, 239 (Fla. 1st DCA 1996). In the recent case of Stephens v. State, 26 Fla. L. Weekly S161, ___ So.2d ___, 2001 WL 252160 (Fla. Mar. 15, 2001), the supreme court reaffirmed the principle that the quantum of evidence supporting the defendant's guilt should be a major factor in determining whether an error was harmless. See Id. at 164, ___ So.2d at ___ ("Weighing all the evidence in this case and considering the overwhelming evidence of guilt, we find the trial judge acted within his discretion, and any potential error was harmless."). In light of the overwhelming evidence of guilt and the fact that the prosecutor did not misuse the incorrect instruction, we are convinced beyond a reasonable doubt that any jury instruction error in the case is harmless. We therefore affirm.
We are aware, however, that certain cases cited by the dissent may suggest that fundamental error occurs any time an element of a crime is inaccurately defined for the jury. While we reject the proposition that these cases stand for such an inflexible rule, in order to avoid confusion, we certify the following question to be one of great public importance:
IS THE GIVING OF A STANDARD JURY INSTRUCTION WHICH INACCURATELY DEFINES A DISPUTED ELEMENT OF A CRIME FUNDAMENTAL ERROR IN ALL CASES EVEN WHERE THE EVIDENCE OF GUILT IS OVERWHELMING AND THE PROSECUTOR HAS NOT MADE THE INACCURATE INSTRUCTION A FEATURE OF HIS ARGUMENT?
DAVIS, J., concurs; BROWNING, J., concurs in part and dissents in part with opinion.
BROWNING, J., concurring in part and dissenting in part.
I concur with the majority as to issue I, the refusal to allow the jury to have a current view of the victim's wounds. However, *1199 I dissent from the majority's determination that the trial court's failure to instruct the jury on a disputed element of the crime of aggravated child abuse is not fundamental error.
First, I take strong exception to the majority's failure to accept the State's concession of error relating to the rule enunciated by this Court in Young v. State, 753 So.2d 725 (Fla. 1st DCA 2000). It appears to me the majority is unwarranted substituting its judgment for that of the attorney for the State. Such action entails the risk of this court's being perceived in a non-neutral manner and injects it into an area well-defined and preserved for that of the advocate. I fear that in the future, attorneys will be hesitant to concede error, as here, because of the potential for embarrassment that will necessarily flow when this court points out what it concludes to be an erroneous concession from time to time. Such overruling of the professional judgment of lawyers should occur only when the procedures and jurisdiction of this court are a consideration, and when recognition of a concession effects a repudiation of an established precedent of this court. Clearly, the efficient administration of justice can best be served by approval of concessions by attorneys, except in such limited circumstances. I further feel that an attorney for a party is more likely than a panel of this court to evaluate correctly a substantive point of law as to whether or not a concession should be made in a case.
The majority bases its failure to recognize the State's concession on Heuss v. State, 687 So.2d 823 (Fla.1996). However, I do not believe Heuss provides a valid basis for the majority's conclusion. In Heuss the State, apparently by an oversight, failed to advance the harmless error doctrine as a basis for the affirmance of a conviction. However, in the instant case the State, through its attorney, made a professional assessment of the merits of the State's position and determined that position to be unsupportable. This court should under these circumstances accept such assessment, as opposed to the oversight in Heuss.
I also believe the majority errs by its disregard of the import of Young, 753 So.2d at 725. There this court, without equivocation and without a dissent, construed the identical element of aggravated child abuse involved here and stated:
Initially, we conclude that the question of the correctness of the definition of malice provided to the jury was adequately preserved for appellate review. However, even if it had not been, as the state properly concedes,[6] failure correctly to instruct a jury on a disputed element of a crime is fundamental error. [Emphasis added]. E.g., Mercer v. State, 656 So.2d 555 (Fla. 1st DCA 1995); Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990).
Id. at 727.
The majority disregards this clear pronouncement by categorizing it as dicta. This has an ominous ring to me. Surely, this court should stand behind such a clear legal pronouncement made by a previous panel of this court that in effect constitutes an alternative basis for the decision rather than clear dicta. Otherwise, we will facilitate a belief among the bench and bar that their future assessment of cases for appeal, in part, must be based upon the particular composition of a panel rather *1200 than interpretation of law. In any case, what the majority opinion conveys is a message of confusion to the trial bench and bar, because the undesirable consequence of Young and the instant case is the inescapable conclusion that three judges believe what occurred in the instant case is fundamental error, while the instant majority consisting of two judges does not think so. This consequence, for obvious reasons, is not a desirable result.
Furthermore, I believe the rule enunciated in Young, whether dicta or not, is correct and should be followed and applied here to effect a reversal. Fundamental error has been defined as "error which goes to the foundation of the case or goes to the merits of the cause of action," Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970); and as error which is "basic to the judicial decision under review and equivalent to a denial of due process." State v. Johnson, 616 So.2d 1, 3 (Fla.1993). I believe it is relatively clear that an error in an instruction regarding a disputed element of a crime allows the State to convict a defendant charged with that crime on proof that is less than that specified by the Legislature as an absolute prerequisite for a conviction. In this case, and a case such as Young, for instance, because an improper definition of malice was given, it would be possible for the State to convict without establishing that the defendant acted out of ill will, hatred, spite, or evil intent, which the Supreme Court of Florida has previously held had to be proved before a defendant might be convicted of the offense. See State v. Gaylord, 356 So.2d 313 (Fla.1978). To me, a conviction based upon a quantum of proof less than that established by the Legislature as necessary "goes to the foundation of the case" and "amounts to a denial of due process."
I further take issue with the fact that the majority opines as apparent justification for its opinion that "the instant case involves an alleged inaccurate definition of an element of a crime rather than a total failure to address a necessary element." In my opinion, this is a distinction without a difference. If an element of a crime is inaccurately defined in a jury instruction, it is the equivalent of not having given the instruction at all. In fact, failure to give an instruction on a required element could, in certain cases, actually be less confusing and less prejudicial than misleading the jury by an inaccurate instruction.
I also take issue with the majority's finding that, in the alternative, the error was harmless. It is the State's duty to prove each and every essential element of a crime. How can that be done when the instruction relating to an element of the crime is faulty? The answer is it cannot be accomplished, for a jury will be unable properly to assess the evidence adduced without an accurate measure in the form of a valid instruction of law. To require valid instructions of law is the very essence of due process, and when there is a failure properly to instruct the jury, no excuse should be acceptable. There is simply a minimum level of fairness that must always be adhered to under due process. That minimum should never be breached under the guise of harmless error. Such a standard is not too much to require, as proper instructions are so elementary, yet so essential, to our traditional concepts of due process and protection of the innocent.
The majority's concern about disruption in the court system if an "across-the-board rule" is adopted, in comparison to the dire consequences that will flow if the trial courts of this state are not held to such an elementary requirement of proper instructions of law, is ill-founded and emphasizes the wrong consideration. It is far more important to ensure that defendants be convicted of what the Legislature intended *1201 to be a crime than merely to enhance court efficiency. It is simply not too much to ask of a trial court that a trial be held under proper instructions of law. If not, then the inefficiency of a new trial should be gladly embraced as opposed to convicting a defendant of anything less than a crime. We should not apply any theory that would effect an affirmance of a conviction based upon an improper instruction of law relating to an element of a crime, regardless of court efficiency or other equally laudatory goals.
Finally, I believe the majority's opinion conflicts with the following decisions: Hubbard v. State, 751 So.2d 771, 772 (Fla. 5th DCA 2000) ("The issuance of `an incomplete and inaccurate instruction on the law is fundamental error where it relates to the elements of the criminal offense.'"); Davis v. State, 736 So.2d 27, 28 (Fla. 4th DCA 1999) ("An inaccurate jury instruction constitutes fundamental error if the inaccuracy relates to an element of the charged offense."); Dowling v. State, 723 So.2d 307, 308 (Fla. 4th DCA 1998) ("Failure to give a complete or accurate instruction constitutes fundamental error if it relates to an element of the charged offense."); Viveros v. State, 699 So.2d 822, 825 (Fla. 4th DCA 1997) ("Fundamental error is occasioned by an incomplete and inaccurate instruction on an element of a criminal offense."); Jones v. State, 666 So.2d 995, 998 (Fla. 5th DCA 1996) ("The trial court's giving of an incomplete and inaccurate instruction on the law during a jury instruction constitutes fundamental error where the error relates to an element of the offense."); Ward v. State, 655 So.2d 1290, 1292 (Fla. 5th DCA 1995) ("The giving of an incomplete and inaccurate instruction on the law is fundamental error where the error relates to the elements of the criminal offense."); Gill v. State, 586 So.2d 471 (Fla. 4th DCA 1991) (holding that giving an inaccurate misleading instruction regarding a required element of sexual battery constituted fundamental error); Cole v. State, 573 So.2d 175 (Fla. 2d DCA 1991) (holding that giving an inaccurate faulty instruction regarding the elements of vehicular homicide constituted fundamental error).
In conclusion, I believe this court goes far afield by rejecting the State's concession of error, as concessions of counsel will, in most cases, bear a higher probability of correctness than reevaluation to the contrary by this court. This court should settle disputes, and not overrule professional decisions of counsel, except in the very limited situations outlined in this dissent. Furthermore, not only was the State correct in making such concession but also the majority incorrectly disregards the principle enunciated in Young which should remain intact unless changed by the Florida Supreme Court or an en banc pronouncement of this court. Application of the harmless error rule to affirm Appellant's conviction is inappropriate.
For these reasons, I respectfully dissent, and I would reverse Appellant's conviction and remand for a new trial and a proper jury instruction.
NOTES
[1] The jury found appellant not guilty of three other counts of aggravated child abuse and one count of neglect of a child resulting in great bodily harm.
[2] Even in light of the state's concession and language contained in this court's previous opinion in Young concerning fundamental error, we cannot concur in a reversal based on the circumstances of this case. See Heuss v. State, 687 So.2d 823, 824 (Fla.1996) (holding that a court is not precluded from affirming based on a harmless error analysis simply because the state fails to argue harmlessness on appeal).

The dissent criticizes this court for failing to accept the state's concession but cites to no authority requiring us to do so.
In fact, it has been the sound practice of Florida's courts to not accept improper concessions by the state. See, e.g., Gomez v. State, 684 So.2d 879 (Fla. 4th DCA 1996); Fichera v. State, 688 So.2d 453 (Fla. 1st DCA 1997); Prieto v. State, 627 So.2d 20 (Fla. 2nd DCA 1993). As Judge Cowart said in his dissent in Matson v. State, 445 So.2d 1121, 1122 (Fla. 5th DCA 1984), "a conclusory concession as to judicial error below, made by a party on appeal, is a most unsatisfactory and dangerous basis for appellate judicial action." In fact, the supreme court has recognized that an inappropriate acceptance of a concession of error by the state can lead to an announcement of an erroneous statement of the law. See Strickland v. State, 437 So.2d 150, 151-52 (Fla.1983).
In addition, we have a constitutional and statutory duty not to accept an inappropriate concession (which concession may come from a young inexperienced lawyer) which might be to the detriment of the victims of crime and/or to the people of the State of Florida. See § 924.051(3), Fla. Stat. (1997)(specifically stating: "[A] judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved...."). We decline to abrogate our responsibilities in this area.
[3] The dissent urges that this dicta should control here. We feel it would be dangerous precedent to accept as binding precedent statements from a court on facts and circumstances not before it.
[4] In Mercer, there had been no recognition that intent was an element of the crime charged, no instruction had been given concerning intent, and the prosecutor had argued to the jury that intent was not an element of the crime (essentially arguing that the defendant should be convicted for noncriminal behavior). See Mercer, 656 So.2d at 555-556. In Steele, there had been an oral request for the instruction, and there had been a total failure to address a particular element of the crime. See Steele, 561 So.2d at 641. The concept of fundamental error in jury instruction should be limited to those situations where there has been a total failure to address an essential disputed element of a crime.
[5] This would be especially true in cases such as this one where a court utilized the standard jury instruction without objection, even though the standard jury instruction was erroneous and might constitute a basis for reversal on appeal. See Kearse v. State, 662 So.2d 677, 681-682 (Fla.1995). There is no indication as to how many judges have relied on a standard instruction because they were not apprised of a problem; therefore, it is unclear to what extent a bright line rule concerning fundamental error in such circumstances would cause a major disruption involving all criminal prosecutions of this type.
[6] It is quite interesting that the State in Young, as here, conceded error for the trial court's failure to instruct a jury correctly on a disputed element of a crime.