837 So.2d 366 (2002)
Loretta REED, Petitioner,
v.
STATE of Florida, Respondent.
No. SC01-1238.
Supreme Court of Florida.
December 19, 2002.
*367 Nancy A. Daniels, Public Defender, and Jamie Spivey, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Richard E. Doran, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Sherri T. Rollison, Assistant Attorney General, Tallahassee, FL, for Respondent.
WELLS, J.
We have for review a decision of the First District Court of Appeal on the following question, which the court certified to be of great public importance:
IS THE GIVING OF A STANDARD JURY INSTRUCTION WHICH INACCURATELY DEFINES A DISPUTED ELEMENT OF A CRIME FUNDAMENTAL ERROR IN ALL CASES EVEN WHERE THE EVIDENCE OF GUILT IS OVERWHELMING AND THE PROSECUTOR HAS NOT MADE THE INACCURATE INSTRUCTION A FEATURE OF HIS ARGUMENT?
Reed v. State, 783 So.2d 1192, 1198 (Fla. 1st DCA 2001). We have jurisdiction, see art. V, § 3(b)(4), Fla. Const., and we rephrase the certified question as follows:
IS THE GIVING OF THE STANDARD JURY INSTRUCTION FOR *368 AGGRAVATED CHILD ABUSE FUNDAMENTAL ERROR WHEN THE INSTRUCTION INACCURATELY DEFINES THE DISPUTED ELEMENT OF MALICE?
We answer this rephrased question in the affirmative.
Petitioner Loretta Reed was convicted of aggravated child abuse under section 827.03, Florida Statutes (1997).[1] The petitioner appealed the conviction to the district court, raising an issue for the first time on appeal concerning the definition of malice in the Florida Standard Jury Instructions (Criminal). The district court affirmed the petitioner's conviction because the issue regarding the jury instruction was not preserved. See Reed, 783 So.2d at 1194. The district court held: "In this case, utilization of the doctrine of fundamental error is simply not justified in light of the overwhelming evidence of guilt and lack of evidence that the inaccurate instruction was misused." Id. at 1198. The district court further concluded that even if the error were determined to be fundamental, any such error would be harmless. Id. Judge Browning concurred in part and dissented in part. Judge Browning's opinion is that the jury instruction error was fundamental and could not be found to be harmless. Id. at 1200 (Browning, J., concurring in part and dissenting in part).
The standard jury instruction for aggravated child abuse given at the petitioner's trial stated that "`[m]aliciously' means wrongfully, intentionally, without legal justification or excuse." Fla. Std. Jury Instr. (Crim.) 227 (1992). This definition is in conflict with the definition of the malice element for aggravated child abuse set out by this Court in State v. Gaylord, 356 So.2d 313, 314 (Fla.1978). In Young v. State, 753 So.2d 725 (Fla. 1st DCA 2000), the First District Court of Appeal explained this conflict by stating:
In State v. Gaylord, 356 So.2d 313 (Fla.1978), the court held that section 827.03(3), Florida Statutes (1975), which treated "maliciously punish[ing] a child" as aggravated child abuse, was not unconstitutionally vague. In order to do so, the court was obliged to determine whether the word "maliciously" "provide[d] a definite standard of conduct understandable by a person of ordinary intelligence." Id. at 314. The court concluded that it did, stating that "[m]alice means ill will, hatred, spite, an evil intent." Id. That definition of malice has since been consistently employed in aggravated child abuse cases. Notwithstanding the definition adopted in Gaylord, however, without explanation, the standard jury instruction on aggravated child abuse includes a different definition" `Maliciously' means wrongfully, intentionally, without legal justification or excuse." Fla. Std. Jury Instr. (Crim.) 227.
The difference between the definition adopted in Gaylord and that included in the standard jury instruction is significant. The former is generally referred to as actual malice, or malice in fact; whereas the latter is generally referred to as legal, or technical, malice. Actual malice, or malice in fact, requires proof *369 of evil intent or motive. In contrast, legal malice merely requires proof of an intentional act performed without legal justification or excuse. Legal malice may be inferred from one's acts, and does not require proof of evil intent or motive.
....
We hold that the trial court erred when it gave the jury the definition of "maliciously" included in the standard jury instruction, rather than that adopted by the court in Gaylord, and requested by appellant. The instruction given permitted the jury to return a guilty verdict based upon a finding of only legal, or technical, malice, rather than actual malice, or malice in fact. The effect of the error was to permit the jury to return a guilty verdict without finding that appellant actually harbored "ill will, hatred, spite, [or] an evil intent" when she punished her son, thereby reducing the state's burden of proof on an essential element of the offense charged.
Young, 753 So.2d at 728-29 (some citations omitted).
We agree with the district court in Young that the definition provided in the standard jury instruction is erroneous and that the definition should be that "[m]alice means ill will, hatred, spite, an evil intent." Gaylord, 356 So.2d at 314.[2] We also agree that using the inaccurate definition provided in the standard jury instruction "reduc[ed] the state's burden of proof on an essential element of the offense charged." Young, 753 So.2d at 729.
We conclude that the failure to use the correct definition is fundamental error in cases in which the essential element of malice was disputed at trial. This conclusion is required by and follows our decision in State v. Delva, 575 So.2d 643, 645 (Fla. 1991). In Delva, we held that it was fundamental error to give a standard jury instruction which contained an erroneous statement as to the knowledge element of the charged crime. We expressly recognized a distinction regarding fundamental error between a disputed element of a crime and an element of a crime about which there is no dispute in the case. We answered affirmatively as to a disputed element and then said: "Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error...." Id. at 645.
We rephrased the certified question because whether the evidence of guilt is overwhelming or whether the prosecutor has or has not made an inaccurate instruction a feature of the prosecution's argument are not germane to whether the error is fundamental. It is fundamental error if the inaccurately defined malice element is disputed, see id., and the inaccurate definition "is pertinent or material to what the jury must consider in order to convict." Stewart v. State, 420 So.2d 862, 863 (Fla.1982). Otherwise, the error is not fundamental error. Because the inaccurate definition of malice reduced the State's burden of proof, see Young, 753 So.2d at 729, the inaccurate definition is material to what the jury had to consider to convict the petitioner. Therefore, fundamental error occurred in the present case if the inaccurately defined term "maliciously" was a disputed element in the trial of this case.
Furthermore, we take this occasion to clarify that fundamental error is *370 not subject to harmless error review.[3] By its very nature, fundamental error has to be considered harmful. If the error was not harmful, it would not meet our requirement for being fundamental. Again, we refer to what we said in Delva, 575 So.2d at 644-45:
Instructions ... are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. Castor v. State, 365 So.2d 701 (Fla.1978); Brown v. State, 124 So.2d 481 (Fla.1960). To justify not imposing the contemporaneous objection rule, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Brown, 124 So.2d at 484. In other words, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Stewart v. State, 420 So.2d 862, 863 (Fla. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983).
Thus, for error to meet this standard, it must follow that the error prejudiced the defendant. Therefore, all fundamental error is harmful error. However, we likewise caution that not all harmful error is fundamental. Error which does not meet the exacting standard so as to be "fundamental" is subject to review in accord with State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (discussing the harmless error test).
The record in the present case demonstrates that the malice element was disputed at trial. Therefore, fundamental error occurred when the trial court instructed the jury using the erroneous definition for "maliciously." We quash the decision of the district court and remand for further proceedings in accord with this decision.
To resolve the question of what cases this decision is to be applied to, we hold that this decision shall be retroactively applied to cases pending on direct review or not yet final. This holding is based upon the reasoning in Smith v. State, 598 So.2d 1063, 1066 (Fla.1992). The standard jury instruction used in the present case has been in use for more than twenty years. Retroactive application of the present case to final aggravated child abuse cases would require courts to revisit numerous final convictions and to extensively review stale records to determine if the malice element was disputed at trial. We therefore expressly limit retroactive application of our decision to nonfinal cases because applying this decision to final cases would have an adverse effect on the administration of justice. See Witt v. State, 387 So.2d 922 (Fla.1980); see also Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).
It is so ordered.
ANSTEAD, C.J., SHAW, PARIENTE, and LEWIS, JJ., and HARDING, Senior Justice, concur.
QUINCE, J., concurs in result only.
NOTES
[1] Section 827.03(2) states:

"Aggravated child abuse" occurs when a person:
(a) Commits aggravated battery on a child;
(b) Willfully tortures, maliciously punishes, or willfully and unlawfully cages a child; or
(c) Knowingly or willfully abuses a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child.
[2] The standard jury instruction was recently amended to reflect the correct definition of malice. See Standard Jury Instructions in Criminal Cases, 824 So.2d 881, 898 (Fla. 2002).
[3] We recede from State v. Clark, 614 So.2d 453 (Fla.1992), to the extent that it holds that fundamental error can be harmless error.