PER CURIAM.
The appellant in this direct criminal appeal challenges his conviction for burglary of a dwelling with an assault or battery therein, arguing that the trial court committed fundamental error by incorrectly *529 instructing the jury as to the applicable statutory definition of burglary. Concluding that the trial court provided the jury an incorrect definition of burglary, and concluding further that the incorrect instruction related to disputed issues of fact, we reverse the appellant’s conviction.
Chapter 2001-58, Laws of Florida, amended section 810.02, Florida Statutes, to provide a new definition of burglary for offenses committed after July 1, 2001. Although the date of the appellant’s alleged offense was November 18, 2001, the trial court instructed the jury in accordance with the definition applicable to offenses committed on or before July 1, 2001. The appellant did not offer any objection to the incorrect instruction or otherwise preserve the argument he now makes on appeal. He nevertheless relies upon Reed v. State, 837 So.2d 366 (Fla.2002), in arguing that the error was fundamental and may therefore be presented for the first time on appeal. Like State v.Delva, 575 So.2d 643 (Fla.1991), Reed stands for the proposition that the giving of an inaccurate instruction as to a disputed element of a crime is fundamental error.
Because the jury in the present case could not have determined whether the appellant’s acts amounted to burglary without resolving disputed issues of fact, the elements contained within the definition of burglary were disputed elements of the charged offense. The incorrect instruction as to these elements therefore amounted to fundamental error.*
The appellant’s conviction for burglary of a dwelling with an assault or battery therein is accordingly reversed and this case is remanded.
ALLEN, DAVIS and BENTON, JJ., concur.

 The appellant argues that section 810.02(l)(b)2 applies only in a situation where there is a licensed or invited entry. Our decision in this case should not be interpreted as necessarily approving this reading of the statute, as opposed to a reading which would make section 810.02(l)(b)2 applicable regardless of whether a licensed or invited entry has occurred.