GRIFFIN, J.,
dissenting.
Way back in 1978, in State v. Gaylord, 356 So.2d 313 (Fla.1978), the Florida Supreme Court held that the term “maliciously punish” used to define aggravated child abuse was not unconstitutionally vague and overbroad, precisely because:
“Maliciously” does provide a definite standard of conduct understandable by a person of ordinary intelligence. Malice means ill will, hatred, spite, and evil intent.
Id. at 314. (Emphasis added). Inexplicably, however, as was later discussed in Young v. State, 753 So.2d 725, 728 (Fla. 1st DCA 2000), in the ensuing twenty years after Gaylord, the standard jury instruction defining “maliciously” for the crime of aggravated child abuse was not changed to reflect the Supreme Court’s decision in Gaylord. The jury instruction continued to define “maliciously” as “wrongfully, intentionally, without legal justification or excuse.”[1]
*583 Eventually, in Reed,[2], the Supreme Court confirmed that the standard jury instruction was wrong and that malice should be defined as “ill will, hatred, spite, an evil intent.” Further, the court said that because the inaccurate definition reduced the state’s burden of proof on an essential element of the offense, fundamental error resulted when the inaccurate standard jury instruction on the definition of malice was used in trials where the malice element was disputed. Id. Although Reed was decided by the Florida Supreme Court on December 19, 2002, more than a year after Defendant’s direct appeal was concluded,[3] the district court opinion in Reed was decided in May 2001, months before the mandate issued in King’s appeal. Reed v. State, 783 So.2d 1192 (Fla. 1st DCA 2001). More important, the Young decision was issued on March 21, 2000, less than thirty days after Kang’s trial. The Young court incidentally observed that the Gaylord definition of malice had long been used by Florida’s intermediate appellate courts, including this Court in Moakley v. State, 547 So.2d 1246 (Fla. 5th DCA 1989).
Although the trial court was correct in ruling that Reed was not to be retroactively applied to King’s case, that to me, does not necessarily resolve the “ineffective assistance” problem raised here. Here, defense counsel was aware of the correct definition of “malice,” but failed to request a correct instruction on this important element because he erroneously believed that the standard instruction had to be given. Had he correctly understood his duty, he would have done as trial counsel in Young did. In Young, defense counsel, like Mr. Bross, moved for judgment of acquittal based on the Gaylord definition. However, unlike Mr. Bross, defense counsel also asked for an instruction containing the correct definition and thereby (on appeal) secured a new trial for his client. We have no way of knowing whether a different instruction would have resulted in a different verdict, but Reed does tell us that using the wrong definition is a serious error because it reduces the State’s burden of proof.
Although it is correct to say that defense counsel should not normally be held ineffective for failing to object to an approved standard jury instruction that has not been invalidated at the time of counsel’s performance, this is not an inflexible principle. At least since the 1973 decision of the Florida Supreme Court in State v. Bryan, 287 So.2d 73 (Fla.1973), it has been clear that a standard instruction does not have to be given; that the trial judge always bears the responsibility of accurately instructing the jury and the ultimate goal is the “essential correctness of applicable law.” See also Young, 753 So.2d at 728.
The Supreme Court in Harvey v. Dugger, 656 So.2d 1253, 1258 (Fla.1995), later explained that counsel cannot be ineffective for failing to object to the standard instruction when the court has previously upheld the validity of the instruction but, as far as I can tell, that never happened with the aggravated child abuse instruction. To the contrary, the high court in Gaylord long ago adopted a definition inconsistent with the standard instruction.[4] *584 There was certainly sufficient law on this point by the time of trial that counsel ought to have asked for a correct definition to be given, especially because the question of “malice” was central to the case. To fail to ask for a correct definition in the instructions, knowing that Gaylord articulated a definition completely different from the one contained in the standard instruction, constituted ineffective assistance.
I do appreciate the majority’s concern that this analysis violates the spirit of Reed’s limitation on retroactive application, but Reed never addressed ineffective assistance; it merely said that its announcement that giving the old instruction amounted to fundamental error would not apply retroactively. The problem, of course, is that the term “ineffective” arguably could apply to any lawyer who failed to object to this standard jury instruction on grounds of inconsistency with controlling precedent from the Supreme Court. In Reed, the high court was clearly concerned about the impact of its decision on the huge number of cases that were tried using the standard instruction and which were long since final.
I disagree that Mr. Bross’s knowledge of the correct definition is irrelevant because the reason he failed to object is irrelevant. It was precisely his ignorance of the proper course to follow in light of his knowledge of the correct definition that made him ineffective. Plainly, if Mr. Bross, having knowledge of the Gaylord decision, had done so much as object to the standard instruction’s definition of “malice,” King would be in the same posture as Mr. Young, who got a new trial. Because Mr. Bross did not object, King has no remedy. It is an uncomfortable irony that King would likely have been able to succeed on this ineffective assistance of counsel claim but for the Supreme Court’s issuance of its decision in Reed, finding that the giving of this instruction was not only error, but so toxic to the trial process as to reach the status of fundamental error.
I would hold that the trial court erred in failing to grant King’s 3.850 motion for post-conviction relief based on this claim of ineffective assistance of trial counsel.

. The jury instruction was finally corrected in 2002. Standard Jury Instructions in Criminal Cases, 824 So.2d 881, 898 (Fla.2002).

. Reed v. State, 837 So.2d 366, 369 (Fla.2002).

. The opinion addressing Defendant’s direct appeal was filed on August 10, 2001. See King, 790 So.2d at 1253.

. In Thompson v. State, 759 So.2d 650, 655 (Fla.2000), the court couched the test in different terms, saying that trial counsel’s failure to object to standard jury instructions that had not been invalidated by the court "does not render counsel’s performance deficient.” Certainly, it can be argued that the Gaylord decision invalidated the standard jury instruction, though not expressly.