KLEIN, J.
The trial court held that airplane hangars, on airport land owned by a governmental entity, but leased through a condominium association to private users, were exempt from ad valorem taxation. The property appraiser appeals, and we affirm.
The Boca Raton Airport is a publicly operated general aviation facility located on land owned by the Trustees of the Internal Improvement Trust Fund (State), which is leased for ninety years to the Boca Raton Aviation Authority, a governmental entity. The aviation authority subleased the property to Boca Airport, Inc., a fixed-based operator from 1985 to 2028. The fixed base operator sub-subleased forty-one hangar spaces to Runway 5-23 Hangar Condominiums from 1993 to 2028. The condominium association leased the hangars to its members, private aircraft owners, until 2028, for a one time lump sum payment.
*1055 The condominium association alleged that the forty-one hangars were exempt from real property taxes under section 196.199(2)(a), Florida Statutes (1999), which exempts property owned and used by a governmental agency, and under section 196.012(6), Florida Statutes (1999), because this is an activity of “an aircraft full service fixed base operation which provides goods and services to the general aviation public.” The latter statute provides in part:
Governmental, municipal, or public purpose or function shall be deemed to be served or performed when the lessee under any leasehold interest created in property of the ... state ... is demonstrated to perform a function or serve a governmental purpose ... which would otherwise be a valid subject for the allocation of public funds. For purposes of the preceding sentence, an activity undertaken by a lessee which is permitted under the terms of its lease of real property designated as an aviation area on an airport layout plan which has been approved by the Federal Aviation Administration and which real property is used for the administration, operation, business offices and activities related specifically thereto in connection with the conduct of an aircraft full service fixed base operation which provides goods and services to the general aviation public in the promotion of air commence shall be deemed an activity which serves a governmental, municipal, or public purpose or function.
The hangars involved in this case are only a portion of the hangars on the airport property being used by private aircraft owners. The remaining hangars are leased by the fixed base operator directly to private aircraft owners in return for periodic payments. The property appraiser concedes that the latter are exempt from real property taxes under section 196.012(6), but differentiates the condominium hangers on the theory that they are real property owned by the association under the condominium statute, section 718.106, Florida Statutes, which provides that “a condominium parcel created by the declaration is a separate parcel of real property, even though the condominium is created on a leasehold.”
The association responds that the members of the association lease only the airspace, not the improvements, and that under the condominium declaration each member has a “leasehold condominium only and ... no interest whatsoever in the underlying fee or the leases.” It also emphasizes that this property is in fact owned by the state, just like the other hangars under short term leases, and that the rights of the members of the association to use these hangars will end in 2028. The association points out that the state has waived its immunity from real property taxes on property it owns in certain instances, for instance, where the lease is for 100 years, section 196.199(7), but none of these waivers apply here.
Section 718.106 provides that condominium parcels are separate parcels of real property; however, it does not address the question involved in this case, which is who owns the land and improvements. In the absence of any authority other than section 718.106, and the property appraiser cites none, we conclude that this property is owned by the state and is therefore not taxable. We also disagree with the appraiser’s argument that there are material issues of fact which would preclude summary judgment. Affirmed.
POLEN, C.J., and GROSS, J., concur.