POLEN, J.
 

 Appellants, Boca Airport, Inc., Galaxy Aviation, Inc., and Aviation Center, Inc.,
 
 *141
 
 appeal the order of the Florida Department of Revenue entitled Notice of Reconsideration. The nature of the order is final agency action reviewable pursuant to section 120.68(1), Florida Statutes. Appellants argue that the ad valorem tax exemptions in Chapter 196, Florida Statutes, apply to the intangible tax imposed by Chapter 199, thereby exempting appellants from intangible personal property tax because they perform a governmental or public purpose. We find that appellants’ interpretation contradicts the plain language of section 199.023(l)(d), Florida Statutes (2005), and affirm.
 

 Appellants are Fixed Base Operators (“FBOs”) that lease government-owned airport properties. FBOs provide goods and services to the general aviation public by offering hangar space for private and commercial aircraft, aviation fuel, aircraft repairs, tie-down services, pilot briefing and weather information services, and amenities for pilots and the general public in the form of food, beverages, ground transportation, and reservations for rental cars and lodging.
 

 Galaxy Aviation operates as an FBO at the airport in West Palm Beach under a lease from Palm Beach County. Aviation Center operates as an FBO at the airport in Stuart under a lease from Martin County. Boca Airport operates as an FBO at the airport in Boca Raton under a lease from the Boca Raton Airport Authority.
 

 In 2008, the Department of Revenue issued notices of its intent to assess intangible personal property taxes on the leasehold interest of Galaxy Aviation for the calendar years 1998 through 2007, of Aviation Center for the calendar years 1994 through 2007, and of Boca Airport for the calendar years 1985 through 2007. The Department issued intangible personal property tax assessments under section 199.023(1)(d), Florida Statutes (2005), because appellants paid rent for their leasehold interests in real property owned by government entities, and because they used that real property predominantly for commercial purposes.
 

 Each of the companies lodged a protest with the Department which asserted a statutory exemption from intangible personal property tax, and contested the amount of tax being proposed for assessment. The Department rejected the challenges to taxation, and issued notices of its decision to impose a reduced amount of intangible tax on the leasehold interests of the appellant companies. The Department’s decision included findings of fact that appellants are Florida corporations which pay rent for their leases of government-owned property, on which appellants sell tangible personal property and services.
 

 Appellants did not challenge these findings of fact. Instead, they requested reconsideration, again asserting their exemption from intangible tax, and contesting the new amounts of tax being assessed. In due course, the Department issued orders constituting final agency action which denied reconsideration, and assessed further reduced amounts of intangible personal property tax on the leasehold interests of the appellant companies.
 

 Each of the companies filed timely notices of appeal.
 
 [1]
 
 On appellants’ motion, the court consolidated the three appeals for all purposes.
 

 As the facts are not in dispute, the only issue before the court is a reconciliation of
 
 *142
 
 the statutory provisions on which the parties respectively rely, as applied to the operation of FBOs in Florida. The standard of review is de novo.
 
 Cason v. Fla. Dep’t of Mgmt. Servs.,
 
 944 So.2d 306, 309 (Fla.2006) (“Our review of [a decision] addressing [an] issue of statutory interpretation is de novo.”);
 
 Fla. Dep’t of Revenue v. New Sea Escape Cruises, Ltd.,
 
 894 So.2d 954, 957 (Fla.2005) (“the interpretation of ... [a] tax statute ... [is] subject to a de novo standard of review”).
 

 “An agency’s interpretation of the statute[s] that it is charged with enforcing is entitled to great deference. Although judicial adherence to the agency’s view is not demanded when it is contrary to the statute’s plain meaning, an administrative agency’s construction of a statute it administers should be accorded great deference unless there is clear error or conflict with the intent of the statute.”
 
 Mack v. Dep’t of Fin. Servs.,
 
 914 So.2d 986, 989 (Fla. 1st DCA 2005) (alteration in original) (citations and quotations omitted).
 

 “[Statutes involving tax exemptions are strictly construed against the taxpayer.”
 
 Haddock v. Carmody,
 
 1 So.3d 1133, 1137 (Fla. 1st DCA 2009);
 
 see also Capital City Country Club, Inc. v. Tucker,
 
 613 So.2d 448, 452 (Fla.1993). “No reliance on legislative history is needed to determine intent where the statutory language is clear.”
 
 Goldenberg v. Sawczak,
 
 791 So.2d 1078, 1083 (Fla.2001). Furthermore, “when the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.”
 
 Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984) (quoting
 
 A.R. Douglass, Inc. v. McRainey,
 
 102 Fla. 1141, 137 So. 157, 159 (1931));
 
 see also Fla. Dep’t of Envtl. Prot. v. ContractPoint Fla. Parks, LLC,
 
 986 So.2d 1260, 1265 (Fla.2008).
 

 Appellants argue they are exempt from intangible personal property tax under sections 196.199(2)(a) and 196.012(6), Florida Statutes, which exempt nongovernmental lessees on government-owned real property who serve “a governmental, municipal, or public purpose or function.” They maintain that the legislature exempted them from intangible taxation in 1993 when it amended section 196.012(6) to expressly designate FBOs as being exempt from taxation.
 
 [2]
 

 According to the Department, however, the definition of governmental or public purpose in the chapter on exemptions, chapter 196, is inapplicable to intangible personal property taxes, imposed by
 
 *143
 
 chapter 199. We agree with Department. We further agree that appellants are subject to the intangible personal property tax under sections 196.199(2)(b) and 199.023(l)(d), Florida Statutes, which subject to taxation the leasehold interests of nongovernmental lessees on government-owned real property “predominantly used for ... commercial purposes” where rental payments are due.
 

 Section 199.023(l)(d), defines “Intangible personal property” as including:
 

 Except for any leasehold or other pos-sessory interest described in s. 4(a), Art. VII of the State Constitution[
 
 3
 
 ] or s. 196.199(7),[
 
 4
 
 ]
 
 all leasehold or other pos-sessory interests in real property
 
 owned by ... any political subdivision of the state, any municipality of the state, or any agency, authority, and other public body corporate of the state,
 
 which are
 
 undeveloped or
 
 predominantly used for
 
 residential or
 
 commercial purposes and upon which rental payments are due.
 
 [emphasis added]
 

 At all material times, section 199.103, Florida Statutes (2005), has imposed intangible taxes on
 
 “All
 
 intangible personal property.” (emphasis added). Chapter 199 does not contain any exemption for airports or “fixed-base operations.”
 

 Appellants argue, however, that they are entitled to the government property exemption within chapter 196 — specifically, section 196.199(2)(a), Florida Statutes (2010), which provides:
 

 (2) Property owned by the following governmental units but used by nongovernmental lessees shall only be exempt from taxation under the following conditions:
 

 (a) Leasehold interests in property of ... the state or any of its several political subdivisions, or of municipalities, agencies, authorities, and other public bodies corporate of the state shall be exempt from ad valorem taxation only when the lessee serves or performs a governmental, municipal, or public purpose or function, as defined in s. 196.012(6). In all such cases, all other interests in the leased property shall also be exempt from ad valorem taxation .... [emphasis added]
 

 However, subsection (2)(b) of that statute provides:
 

 Except as provided in paragraph (c),[
 
 5
 
 ]
 
 the exemption provided by this subsection shall not apply to those portions of a leasehold or other interest defined by s. 199.023(1) (d),
 
 subject to the provisions of subsection (7). Such leasehold or other interest shall be taxed only as intangible personal property pursuant to chapter 199 if rental payments are due in consideration of such leasehold or other interest .... [emphasis added]
 

 § 196.199(2)(b), Fla. Stat. (2010).
 

 Based on the above statutory provisions, the Department correctly concluded in its notices of final agency action, that
 

 [s]ection 196.199(2)(b), F.S., excludes from exemption, the portions of a leasehold defined by s. 199.023(l)(d), F.S., except as provided in s. 196.199(7), F.S.,
 
 *144
 
 and s. 196.199(2)(c), F.S.
 
 Section 199.023(l)(d), F.S., imposes the intangible tax on leases of governmental leasehold property for commercial purposes where rental payments are due.
 
 The intangible tax return for leases of governmental property is in accordance with the governing statutes, [emphasis added]
 

 In, other words, the Department properly issued intangible personal property tax assessments under section 199.023(l)(d), because appellants paid rent for their leasehold interests in real property owned by government entities, and because the Department found that appellants used that real property predominantly for commercial purposes — a finding that was not challenged by appellants.
 

 In sum, the appellant companies operate fixed-base operations on government-owned airport properties which serve a governmental, municipal or public purpose. While their leasehold interests are exempt from ad valorem taxation pursuant to sections 196.199(2)(a) and 196.012(6),
 
 [6]
 
 the Department’s assessment of
 
 intangible
 
 taxes was proper under the plain language of section 199.023(l)(d). We, therefore, affirm.
 

 Affirmed.
 

 HAZOURI and CIKLIN, JJ, concur.
 

 [1]
 

 . The appellant companies do not contest on appeal the dollar amounts of the Department’s respective assessments.
 

 [2]
 

 . In 1993, section 196.012(6) was amended and the following language was added to include FBO exemptions, as follows:
 

 (6) Governmental, municipal, or public purpose or function shall be deemed to be served or performed when the lessee under any leasehold interest created in property of the United States, the state or any of its political subdivisions, or any municipality, agency, authority, or other public body corporate of the state is demonstrated to perform a function or serve a governmental purpose which could properly be performed or served by an appropriate governmental unit or which is demonstrated to perform a function or serve a purpose which would otherwise be a valid subject for the allocation of public funds.
 
 For purposes of the preceding sentence, an activity undertaken by a lessee which is pennitted under the terms of its lease of real property designated as an aviation area on an airport layout plan which has been approved by the Federal Aviation Administration and which real property is used for the administration, operation, business offices and activities related specifically thereto in connection with the conduct of an aircraft full service fixed base operation which provides goods and services to the general aviation public in the promotion of air commerce shall be deemed an activity which serves a governmental, municipal, or
 
 
 *143
 

 public purpose or function,
 
 [emphasis added]
 

 [3]
 

 . Article VII, Section 4(a), of the Florida Constitution, is inapplicable to this case.
 

 [4]
 

 . Section 196.199(7), Florida Statutes, deems property that is originally leased for 100 years or more, or property financed through issuance of bonds pursuant to parts II, III, or V of chapter 159, to be owned for purposes of that section. That subsection also is irrelevant to this appeal.
 

 [5]
 

 .Paragraph (c) exempts "[a]ny governmental property leased to an organization which uses the property exclusively for literary, scientific, religious, or charitable purposes.” § 196.199(2)(c).
 

 [6]
 

 .
 
 See Nikolits v. Runway 5-23 Hangar Condo. Assn,
 
 847 So.2d 1054 (Fla. 4th DCA 2003) (holding that hangars of Boca Airport, Inc. (one of the appellant companies here) were exempt from
 
 ad valorem
 
 taxation because they perform a governmental, municipal and public purpose under section 196.199(2)(a), and constituted an aviation facility specifically exempted by section 196.012(6));
 
 see also Nolte v. Paris Air, Inc.,
 
 975 So.2d 627, 628 (Fla. 4th DCA 2008) (citing § 196.012(6), Fla. Stat. (2007)) ("affirmfing] the trial court decisions finding that municipal airport property in question, leased by long term leases to full service, fixed base operators who provide goods and services to the general aviation public in the promotion of air commerce, serves a municipal, governmental or public purpose or function and is therefore exempt from the taxation sought to be imposed by the Property Tax Assessor for Indian River County.”).