DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.N.,** a child,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-3554

[November 7, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael C. Heisey, Judge; L.T. Case No. 562017CJ000168AXXXXX.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

A juvenile appeals the circuit court's order adjudicating him delinquent for intentional or knowing malicious harassment or interference with a police dog. The State charged the juvenile with violating section 843.19(4), Florida Statutes (2017), which provides that "[a]ny person who intentionally or knowingly maliciously harasses, teases, interferes with, or attempts to interfere with a police dog . . . while the animal is in the performance of its duties commits" a second-degree misdemeanor. The issue presented is one of statutory interpretation. Is the statute directed to a person who maliciously harasses or teases a police dog? Or is it directed to a person who maliciously harasses or maliciously teases a police dog? Because we conclude the latter construction is the correct one, we vacate the adjudication of delinquency and remand for dismissal of the charge.

*Background*

Two officers and a K-9, Kona, responded to a vehicle accident involving the juvenile. Kona's handler instructed Kona to conduct an exterior narcotics search of the vehicle. Kona conducted the exterior search and alerted the handler to narcotic odor. Based on Kona's alert, the two officers conducted an interior search of the vehicle.

When the officers began the interior search of the vehicle, the juvenile "interrupted" them, "became loud and belligerent," and told them they "couldn't do that." One officer testified that the juvenile was "talking loud" and that he projected his voice in the direction of the dog. The other officer testified that the juvenile was "loud," "belligerent," and "disruptive." Neither officer could identify the exact words the juvenile used to distract Kona. And at no point was the juvenile closer than five to ten feet from Kona.

The officers warned the juvenile two times to stop distracting Kona, and they ultimately arrested the juvenile. Both officers testified they conducted the search with no further interruptions or distractions after they arrested the juvenile. The entire search lasted around five minutes.

The State charged the juvenile with violating section 843.19(4), Florida Statutes (2017). After the State rested, the juvenile moved for a judgment of dismissal:

> Weighing the evidence most favorable to the State, the prosecutor failed to show that [Appellant] either maliciously - - maliciously harassed, teased, interfered or attempted to interfere with K-9 Kona, so we're asking the Court to enter an Order dismissing the petition for insufficiency of evidence.

The court denied the motion and later adjudicated the juvenile delinquent for violating section 843.19(4), Florida Statutes. The juvenile appeals.

*Analysis*

The juvenile argues the court erred in denying his motion for judgment of dismissal. We review the court's denial of a motion for judgment of dismissal in a juvenile case de novo. *D.J.D. v. State*, 143 So. 3d 1115, 1118 (Fla. 4th DCA 2014) (citing *A.R. v. State*, 127 So. 3d 650, 653 (Fla. 4th DCA 2013)). And "[t]he construction and application of a statute is an issue of law subject to *de novo* review." *Wiley v. State*, 125 So. 3d 235, 237

2

(Fla. 4th DCA 2013) (citing *Boca Airport, Inc. v. Fla. Dep't of Revenue,* 56 So. 3d 140, 142 (Fla. 4th DCA 2011)).

The juvenile asserts the State failed to establish that he acted "in a knowingly malicious manner towards the police dog." Section 843.19(4), Florida Statutes (2017), states:

> Any person who intentionally or knowingly *maliciously* harasses, teases, interferes with, or attempts to interfere with a police dog, fire dog, SAR dog, or police horse while the animal is in the performance of its duties commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

§ 843.19(4), Fla. Stat. (emphasis added).

The police dog, Kona, was undeniably in the performance of its duties at the times in question. So the issue is limited to whether the juvenile had the requisite intent under the statute. That analysis revolves around the word "maliciously." First, what does it mean? Second, where does it apply? Finally, we apply these answers to the case before us.

### i. The Definition of Malice in Section 843.19(4), Florida Statutes

"Maliciously" is not defined in the statute, so it "must be understood as a word of common usage having its plain and ordinary sense." *See Seese v. State*, 955 So. 2d 1145, 1149 (Fla. 4th DCA 2007) (citing *State v. Hagan*, 387 So. 2d 943, 945 (Fla. 1980); *State v. Mitro*, 700 So. 2d 643, 645 (Fla. 1997)).

In law, malice can be defined in two ways. *Id.* (citing *Reed v. State*, 837 So. 2d 366, 368 (Fla. 2002)). The first is legal malice, which "means 'wrongfully, intentionally, without legal justification or excuse[.]'" *Id.* (footnote omitted) (quoting *Reed*, 837 So. 2d at 368). The second is actual malice, which "means 'ill will, hatred, spite, an evil intent." *Id.* (footnote omitted) (quoting *Reed*, 837 So. 2d at 368).

We analyzed the proper application of malice in *Seese.* 955 So. 2d at 1149-50. *Seese* involved the use of "maliciously" in section 784.048(4), Florida Statutes (2004). That statute provides: "Any person who, . . . after any . . . court-imposed prohibition of conduct toward the subject person . . . , knowingly, willfully, maliciously, and repeatedly . . . harasses . . . another person commits the offense of aggravated stalking . . . ." § 784.048(4), Fla. Stat.

3

We explained that we take the text of the statute "as a whole."  *Seese*, 955 So. 2d at 1149.  And "considering its context and the discernible purposes of the legislature, we conclude[d] that the plain meaning of the statutory term *maliciously* is legal malice."[1]  We concluded that the statute used legal malice "because the essence of this entire subsection is to criminalize the stalker who violates a court order prohibiting the contact with the subject."  *Id.*

The State argues the terms "knowingly" and "maliciously" in the stalking statute analyzed in *Seese* are like the terms here, and should be construed similarly.  It is true that the words knowingly and maliciously appear in the statute at issue in *Seese* and the statute here.  But we do not determine the definition of the word malice by looking at individual words in isolation.  We must consider the words in the statute in context and after considering the entire statute.

A review of section 843.19, Florida Statutes, shows that different subsections within the section employ different terms. For example, section 843.19(2) provides: "Any person who intentionally and knowingly, *without lawful cause or justification,* causes great bodily harm . . . upon[] a police dog . . . commits" a third-degree felony. (Emphasis added).  Thus, section 843.19(2) specifically applies the legal definition of malice.  In contrast, subsection 843.19(4), uses the terms "intentionally or knowingly *maliciously* harasses[.]"  (Emphasis added).

Using different terms in different portions of the same statute can convey different meanings.  *In re Failla*, 838 F.3d 1170, 1176-77 (11th Cir. 2016) ("The presumption of consistent usage instructs that '[a] word or phrase is presumed to bear the same meaning throughout a text' and that 'a material variation in terms suggests a variation in meaning.'" (quoting Antonin Scalia & Bryan A. Garner, *Reading Law* 170 (2012)) (citing *Russello v. United States*, 464 U.S. 16, 23 (1983))).  We have explained that using different terms in the same statute is "strong evidence" that the

---

[1] We note that our proper inquiry is not into the "discernible purposes of the legislature," but into all the words used in the statute in their context.  *See, e.g., Pictet Overseas Inc. v. Helvetia Tr.*, - F.3d -, No. 17-12279, 2018 WL 4560685, at *5 (11th Cir. Sept. 24, 2018) (William Pryor, J., concurring) ("[W]e must look at all of the words *in their context.*" (emphasis in original)).  If the law was defined by the intent of the legislature, the law may be known only in the mind of the legislators.  Which, of course, leads to another question:  which legislator's mind would we use to determine the intent of the legislative body?

terms have different meanings. *Bortell v. White Mountain Ins. Group, Ltd.*, 2 So. 3d 1041, 1045 (Fla. 4th DCA 2009) (quoting *Maddox v. State*, 923 So. 2d 442, 446 (Fla. 2006)); *see also Barber v. State*, 988 So. 2d 1170, 1172-73 (Fla. 4th DCA 2008).

Thus, the use of the legal definition of malice in section 843.19(2), and the different use in section 843.19(4), is "strong evidence" that the definition of malice in section 843.19(4) means actual malice.[2]  In other words, section 843.19(4) requires the State to prove beyond a reasonable doubt that the juvenile intentionally or knowingly *maliciously* harassed Kona, meaning with "ill will, hatred, spite, [or] an evil intent."  *See Seese*, 955 So. 2d at 1149 (quoting *Reed*, 837 So. 2d at 368).

### ii.  Maliciously Modifies Each Subsequent Word

The State also argues that the juvenile's actions need not be malicious. The statute provides: ". . . intentionally or knowingly *maliciously* harasses, teases, interferes with, or attempts to interfere with a police dog . . . ." § 843.19(4), Fla. Stat. (emphasis added).  The State argues the word "maliciously" modifies only the act of harassing and not the acts of teasing or interfering with a police dog.  In other words, it did not have to prove malice at all, only interference.

The State relies on *Yarn v. State*, 106 So. 3d 39 (Fla. 2d DCA 2013). In *Yarn*, the relevant statute provided: "Any person who actually and intentionally maliciously touches, strikes, or causes bodily harm to a police dog" commits a first-degree misdemeanor.  106 So. 3d at 41 (quoting § 843.19(3), Fla. Stat. (2009)).  Because it was undisputed that Yarn did not touch the police dog, the Second District concluded that the State "had to prove that Yarn intentionally struck or caused harm to the police dog." *Id.* at 40-41.  The Second District did not discuss a requirement of malice. Instead, it held that the trial court erred in denying Yarn's motion for judgment of acquittal because "the State failed to prove that Yarn knew that there was a police dog in the vehicle he struck and that he intended to strike or cause harm to the police dog." *Id.* at 42.  So, in our case, the State argues the Second District must have construed "maliciously" to modify only "touches," rather than also each other verb.

---

[2] This construction, defining malice in section 843.19(4) as actual malice, is consistent with the Rule of Lenity and section 775.021(1), Florida Statutes (2017).  Section 775.021(1) states that "[t]he provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused."

But the Second District did not discuss the applicability of the word maliciously in *Yarn*. It had no need to do so based on its holding that there was no intentional act.

Unlike *Yarn*, here, we must apply the word maliciously in the statute, and we conclude it modifies each of the words in the series that follows it. In *Porto Rico Ry., Light & Power Co. v. Mor*, 253 U.S. 345, 348 (1920) (citations omitted), the Supreme Court explained that "[w]hen several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all."

The Fourth Circuit applied this canon of statutory construction in *Long v. United States*, 199 F.2d 717 (4th Cir. 1952). In *Long*, the defendant was convicted of violating a statute that provided: "Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designed in section 1114 of this title . . . ." *Id.* at 718 (quoting 18 U.S.C. § 111). The Fourth Circuit explained that "[t]he use of the adverb 'forcibly' before the first of the string of verbs, with the disjunctive conjunction used only between the last two of them, shows quite plainly that the adverb is to be interpreted as modifying them all." *Id.* at 719.

In another case, the Maryland Court of Special Appeals noted that in the statutory phrase "[w]illfully damage or tamper with any vehicle without the consent of its owner," the word willfully applied to both damage and tamper. *In re John R.*, 394 A.2d 818, 819 n.1 (Md. Ct. Spec. App. 1978).

Section 843.19(4), Florida Statutes, therefore, requires the State to establish that a defendant "intentionally or knowingly *maliciously* harasses, [*maliciously*] teases, [*maliciously*] interferes with, or [*maliciously*] attempts to interfere with a police dog, fire dog, SAR dog, or police horse while the animal is in the performance of its duties."

### iii. The State Failed to Establish the Juvenile Maliciously Interfered with Kona, the Police Dog

The officers testified that the juvenile was "getting loud and belligerent" and "projecting his voice in the direction of the dog." But neither officer could recall the words used by the juvenile. One officer testified the juvenile was six to eight feet from Kona, and the other officer testified the juvenile was five to ten feet from Kona. A witness testified the juvenile was about ten steps behind Kona during the incident.

6

In response to the motion in the circuit court, the State argued that it took "no position on [ ] whether it's malicious harassment, teases . . . ." Although the State established that the juvenile "interfered" with the police dog, more was required—evil intent or ill will. And, the State took "no position" on whether it actually proved malice. Thus, the motion for judgment of dismissal must be granted.

*Conclusion*

We reverse the circuit court's denial of the juvenile's motion for judgment of dismissal and direct the court to vacate the adjudication of delinquency and dismiss the charge.

*Reversed and remanded.*

TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***