# Supreme Court of Florida

_____

No. SC19-1856
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2019-12.**

February 27, 2020

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize new standard criminal jury instructions 21.19(a) ([Causing [Great Bodily Harm] [Permanent Disability] [Death] To] [or] [Using a Deadly Weapon Upon] a [Police] [Fire] [Search and Rescue] [Canine] [Horse]), 21.19(b) (Maliciously [Touching] [Striking] [Causing Bodily Harm] to a [Police] [Fire] [Search and Rescue] [Canine] [Horse]), and 21.19(c) (Maliciously [Harassing] [Teasing] [Interfering With] [Attempting to Interfere With] a [Police] [Fire] [Search and Rescue] [Canine] [Horse] While in Performance of its Duties). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee published the proposals in *The Florida Bar News*; one comment was received by the Committee, from the Florida Public Defender Association (FPDA), pertaining to two of the three above-listed instructions, as well as others that are not the subject of the instant case. After the Committee filed its report, the Court did not publish the proposals for comment.

In chapter 2019-9, section 1, Laws of Florida, the Legislature amended section 843.19, Florida Statutes, to broaden the statute covering crimes against police, fire, and search and rescue (SAR) "dogs" to encompass crimes against police, fire, and search and rescue "canines." New instructions 21.19(a), (b), and (c) instruct upon the offenses outlined in section 843.19, for which standard jury instructions had not previously been authorized.

Having considered the Committee's report and the FPDA's comment, we authorize new instructions 21.19(a), 21.19(b), and 21.19(c) as set forth in the appendix to this opinion, for publication and use.[1] New language is indicated by underlining. We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

indicative of the views of this Court as to their correctness or applicability. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. The instructions as set forth in the appendix shall become effective immediately upon the release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NO MOTION FOR REHEARING WILL BE ALLOWED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

**APPENDIX**

**21.19(a)  [CAUSING [GREAT BODILY HARM] [PERMANENT DISABILITY] [DEATH] TO] [OR] [USING A DEADLY WEAPON UPON] A [POLICE] [FIRE] [SEARCH AND RESCUE] [CANINE] [HORSE]**
§ 843.19(2), Fla. Stat.

**To prove the crime of [Causing [Great Bodily Harm] [Permanent Disability] [Death] To] [or] [Using a Deadly Weapon Upon] a [Police] [Fire] [Search and Rescue] [Canine] [Horse], the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b or both as applicable.*
1.   a.   (Defendant) **intentionally and knowingly caused [great bodily harm] [permanent disability] [death] to a [canine] [horse].**

   b.  (Defendant) **intentionally and knowingly used a deadly weapon upon a [canine] [horse].**

2.   **The [canine] [horse] was a [police] [fire] [search and rescue] [canine] [horse].**

3.   (Defendant) **knew the [canine] [horse] was a [police] [fire] [search and rescue] [canine] [horse].**

*Definitions. Give as applicable.*
*§ 843.19(1), Fla. Stat.*
 **"Police canine" means any canine that is owned, or the service of which is employed, by a law enforcement agency or a correctional agency for the principal purpose of aiding in the detection of criminal activity, enforcement of laws, or apprehension of offenders.**

   **"Fire canine" means any canine that is owned, or the service of which is employed, by a fire department, a special fire district, or the State Fire Marshal for the principal purpose of aiding in the detection of flammable materials or the investigation of fires.**

   **A "search and rescue canine" is a canine that is owned, or the service of which is employed by a fire department, a law enforcement agency, a**

- 4 -

**correctional agency, a special fire district, or the State Fire Marshal for the principal purpose of aiding in the detection of missing persons, including, but not limited to, persons who are lost, who are trapped under debris as the result of a natural, manmade, or technological disaster, or who are drowning victims.**

**"Police horse" means any horse, that is owned, or the service of which is employed, by a law enforcement agency or a correctional agency for the principal purpose of aiding in the detection of criminal activity, enforcement of laws, or apprehension of offenders.**

**A "deadly weapon" is defined as: 1) any object that is readily capable of inflicting death or great bodily harm if used in the ordinary manner contemplated by its design and construction, or 2) any other object that was used to inflict death or great bodily harm.**

*T.W. v. State*, 98 So. 3d 238 (Fla. 4th DCA 2012).
**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

### Lesser Included Offenses

| [CAUSING [GREAT BODILY HARM] [PERMANENT DISABILITY] [DEATH] TO] [OR] [USING A DEADLY WEAPON UPON] A [POLICE] [FIRE] [SAR] [CANINE] [HORSE] - 843.19(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Battery Police/Fire/SAR Canine/Horse | 843.19(3) | 21.19(b) |
| | Harass Police/Fire/SAR Canine/Horse | 843.19(4) | 21.19(c) |
| | Attempt | 777.04(1) | 5.1 |

## Comments

It is unclear whether the phrase "without lawful cause or justification" is an element or an affirmative defense. Trial judges must make that determination until the case law develops.

This instruction was adopted in 2020.

## 21.19(b)  MALICIOUSLY [TOUCHING] [STRIKING] [CAUSING BODILY HARM] TO A [POLICE] [FIRE] [SEARCH AND RESCUE] [CANINE] [HORSE]
§ 843.19(3), Fla. Stat.

**To prove the crime of Maliciously [Touching] [Striking] [Causing Bodily Harm] to a [Police] [Fire] [Search and Rescue] [Canine] [Horse], the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **actually and intentionally maliciously [touched] [struck] [caused bodily harm] to a [canine] [horse].**

2. **The [canine] [horse] was a [police] [fire] [search and rescue] [canine] [horse].**

3. (Defendant) **knew the [canine] [horse] was a [police] [fire] [search and rescue] [canine] [horse].**

*Definitions.*
*R.N. v. State, 257 So. 3d 507 (Fla. 4th DCA 2018).*
**"Maliciously" means with ill will, hatred, spite, or an evil intent.**

*Give as applicable.*
*§ 843.19(1), Fla. Stat.*
 **"Police canine" means any canine that is owned, or the service of which is employed, by a law enforcement agency or a correctional agency for the principal purpose of aiding in the detection of criminal activity, enforcement of laws, or apprehension of offenders.**

**"Fire canine" means any canine that is owned, or the service of which is employed, by a fire department, a special fire district, or the State Fire**

**Marshal for the principal purpose of aiding in the detection of flammable materials or the investigation of fires.**

**A "search and rescue canine" is a canine that is owned, or the service of which is employed by a fire department, a law enforcement agency, a correctional agency, a special fire district, or the State Fire Marshal for the principal purpose of aiding in the detection of missing persons, including, but not limited to, persons who are lost, who are trapped under debris as the result of a natural, manmade, or technological disaster, or who are drowning victims.**

**"Police horse" means any horse, that is owned, or the service of which is employed, by a law enforcement agency or a correctional agency for the principal purpose of aiding in the detection of criminal activity, enforcement of laws, or apprehension of offenders.**

### Lesser Included Offenses

| MALICIOUSLY [TOUCHING] [STRIKING] [CAUSING BODILY HARM] TO A [POLICE] [FIRE] [SEARCH AND RESCUE] [CANINE] [HORSE] — 843.19(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Harass Police/Fire/SAR Canine/Horse | 843.019(4) | 21.19(c) |
| | Attempt | 777.04(1) | 5.1 |

### Comments

For the crime of Battery on a Police Canine, the State is required to prove the defendant intended to commit a battery on the canine. For example, if a defendant intentionally strikes a law enforcement vehicle that contains a police canine (with sufficient force that the canine is jostled), the State must prove the defendant knew that a police canine was inside the vehicle. *See Yarn v. State*, 106 So. 3d 39 (Fla. 2d DCA 2013). In those types of cases, a special instruction will be necessary.

This instruction was adopted in 2020.

## 21.19(c)  MALICIOUSLY [HARASSING] [TEASING] [INTERFERING WITH] [ATTEMPTING TO INTERFERE WITH] A [POLICE] [FIRE] [SEARCH AND RESCUE] [CANINE] [HORSE] WHILE IN PERFORMANCE OF ITS DUTIES
§ 843.19(4), Fla. Stat.

**To prove the crime of Maliciously [Harassing] [Teasing] [Interfering with] [Attempting to Interfere With] a [Police] [Fire] [Search and Rescue] [Canine] [ Horse] while in Performance of its Duties, the State must prove the following four elements beyond a reasonable doubt:**

1.      (Defendant) **[intentionally] [or] [knowingly] maliciously [harassed] [teased] [interfered with] [attempted to interfere with] a [canine] [horse].**

2.      **The [canine] [horse] was a [police] [fire] [search and rescue] [canine] [horse].**

3.      **At the time, the [canine] [horse] was engaged in the performance of its duties.**

4.      (Defendant) **knew the [canine] [horse] was a [police] [fire] [search and rescue] [canine] [horse].**

*Definitions.*
*R.N. v. State, 257 So. 3d 507 (Fla. 4th DCA 2018).*
**"Maliciously" means with ill will, hatred, spite, or an evil intent.**

*Give as applicable.*
*§ 843.19(1), Fla. Stat.*
 **"Police canine" means any canine that is owned, or the service of which is employed, by a law enforcement agency or a correctional agency for the principal purpose of aiding in the detection of criminal activity, enforcement of laws, or apprehension of offenders.**

**"Fire canine" means any canine that is owned, or the service of which is employed, by a fire department, a special fire district, or the State Fire Marshal for the principal purpose of aiding in the detection of flammable materials or the investigation of fires.**

**A "search and rescue canine"** is a canine that is owned, or the service of which is employed by a fire department, a law enforcement agency, a correctional agency, a special fire district, or the State Fire Marshal for the principal purpose of aiding in the detection of missing persons, including, but not limited to, persons who are lost, who are trapped under debris as the result of a natural, manmade, or technological disaster, or who are drowning victims.

**"Police horse"** means any horse, that is owned, or the service of which is employed, by a law enforcement agency or a correctional agency for the principal purpose of aiding in the detection of criminal activity, enforcement of laws, or apprehension of offenders.

### Lesser Included Offense

No lesser included offenses have been identified for this offense.

### Comment

This instruction was adopted in 2020.